## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o various "PATIENTS", <br><br> Plaintiff, <br><br> vs. <br><br> CONNECTICUT GENERAL LIFE INSURANCE COMPANY D/B/A CIGNA, CIGNA HEALTHCARE OF NEW JERSEY, INC.; ABC CORP. (1-10) (said names being fictitious and unknown entities), <br><br> Defendants. | Civil Action No.: 12-05257 (SRC) (CLW) <br><br> *Document Electronically Filed* |

---

## DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTS ONE, THREE, FOUR, AND FIVE OF THE COMPLAINT

---

E. Evans Wohlforth, Jr., Esq.
Allana L. Nason, Esq.
Victoria K. Pérez, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4879
(973) 639-6486
*Attorneys for Defendant*
*Connecticut General Life Insurance Company*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION ............................................................................................. 1

ARGUMENT .................................................................................................... 3

    I.     THE MOTION TO DISMISS STANDARD ........................................ 3

          A.     Rule 12(b)(6) Requires Dismissal Of Claims That Are Invalid As A Matter Of Law ................................................................ 3

    II.    ERISA PREEMPTION ....................................................................... 5

          A.     The ERISA Preemption Provisions ........................................ 5

    III.   COUNTS ONE, THREE, FOUR, AND FIVE OF PLAINTIFF'S COMPLAINT ARE PREEMPTED BY ERISA ................................... 7

          A.     Count One -- Breach of Contract ........................................... 7

          B.     Count Three -- Breach of Fiduciary Duty ............................... 8

          C.     Count Four -- Negligent Misrepresentation ............................. 9

          D.     Count Five -- Unjust Enrichment ......................................... 10

    IV.   COUNTS ONE, THREE, FOUR, AND FIVE OF THE COMPLAINT ARE NOT ADEQUATELY PLED UNDER RULE 12(b)(6) AND <u>TWOMBLY</u> AND THEREFORE MUST BE DISMISSED .............................. 11

          A.     Count One -- Breach of Contract ......................................... 11

          B.     Count Three -- Breach of Fiduciary Duty ............................. 12

          C.     Count Four -- Negligent Misrepresentation ........................... 15

          D.     Count Five -- Unjust Enrichment ......................................... 17

CONCLUSION ............................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>CASES</u>

Aetna Health Inc. v. Davila,
   542 U.S. 200 (2004)......................................................................................... 6

Alin v. Am. Honda Motor Co.,
   No. 08-4825, 2010 U.S. Dist. LEXIS 32584 (D.N.J. Mar. 31, 2010) ..................................... 19

ASCO Power Techs., L.P. v. PEPCO Techs. LLC,
   No. 03-1942, 2006 U.S. Dist. LEXIS 76368  (D.N.J. Oct. 19, 2006) ..................................... 19

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)......................................................................................... 3

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)................................................................................. passim

Bishop v. GNC Franchising LLC,
   248 F. App'x 298 (3d Cir. 2007) (same) ...................................................... 5

Blackhall v. Access Group,
   No. 2:10-00508, 2010 U.S. Dist. LEXIS 99596 (D.N.J. Sept. 22, 2010)................................. 18

Campbell v. PMI Food Equip. Group, Inc.,
   509 F.3d 776 (6th Cir. 2007) ...................................................................... 12

Caputo v. Nice-Pak Prods., Inc.,
   300 N.J. Super. 498 (App. Div. 1997) ............................................... 17, 19

Clancy v. Reliance Standard Life Ins. Co.,
   No. 07-127, 2009 U.S. Dist. LEXIS 78904 (D.N.J. Aug. 20, 2009) ......................................... 9

Clendenin v. Wells Fargo Bank, N.A.,
   No. 2:09-cv-00557, 2009 U.S. Dist. LEXIS 109952 (S.D. W. Va.
   Nov. 24, 2009) ............................................................................................ 12

D'Amico v. CBS Corp.,
   297 F.3d 287 (3d Cir. 2002) ................................................................. 14, 15

DeGrazia v. FBI,
   316 F. App'x 172 (3d Cir. 2009) ............................................................. 5, 19

DiFelice v. Aetna U.S. Healthcare,
   346 F.3d 442 (3d Cir. 2003) ........................................................................ 9

Early v. U.S. Life Ins. Co. in the City of New York,
    222 F. App'x 149 (3d Cir. 2007) ........................................................ 8

Finocchiaro v. Squire Corrugated Container Corp.,
    No. 05-5154, 2007 U.S. Dist. LEXIS 12642, (D.N.J. Feb. 22, 2007) ........................................ 6

FMC Corp. v. Holliday,
    498 U.S. 52 (1990) ........................................................................... 6

Ford v. Unum Life Ins. Co. of Am.,
    351 F. App'x 703 (3d Cir. 2009) ................................................. 8, 10

Geissal v. Moore Med. Corp.,
    338 F.3d 926 (8th Cir. 2003), cert. denied, 540 U.S. 1181 (2004) .......................... 13

Goldsmith v. Camden County Surrogate's Office,
    408 N.J. Super. 376 (App. Div. 2009) ...................................... 17

Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors for the La. Sys.,
    286 F. App'x 864 (5th Cir. 2008) ................................................ 11

Harrow v. Prudential Insurance Co. of America,
    279 F.3d 244 (3d Cir. 2002) ................................................... 13, 15

Hiland Dairy, Inc. v. Kroger Co.,
    402 F.2d 968 (8th Cir. 1968), cert. denied, 395 U.S. 961 (1969) .............................. 3

Illingworth v. Nestle U.S.A.,
    926 F. Supp. 482 (D.N.J. 1996) ................................................. 6

In re Burlington Coat Factory Sec. Litig.,
    114 F.3d 1410 (3d Cir. 1997) ................................................... 18

In re Samsung DLP TV Class Action Litig.,
    No. 07-2141, 2009 U.S. Dist. LEXIS 100065  (D.N.J. Oct. 27, 2009) ................................. 11

Ingersoll-Rand Co. v. McClendon,
    498 U.S. 133 (1980) ............................................................... 6

Kollman v. Hewitt Assocs., LLC,
    No. 03-2944, 2003 U.S. Dist. LEXIS 18138, (E.D. Pa. Sept. 22, 2003) ........................ 9

Konover Constr. Corp. v. E. Coast Constr. Servs. Corp.,
    420 F. Supp. 2d 366 (D.N.J. 2006) ............................................ 16

Kronfeld v. First Jersey Nat'l Bank,
    638 F. Supp. 1454 (D.N.J. 1986) ............................................. 16

Larocca v. Borden, Inc.,
    276 F.3d 22 (1st Cir. 2002).................................................................................. 13

Lee v. MBNA Long Term Disability & Benefit Plan,
    136 F. App'x 734 (6th Cir. 2005) ......................................................................... 5

Lopez v. Beard,
    333 F. App'x 685 (3d Cir. 2009) .......................................................................... 3

Metropolitan Life Ins. Co. v. Massachusetts,
    471 U.S. 724 (1985)............................................................................................. 6

Morley v. Avaya, Inc. Long Term Disability Plan,
    No. 04-409, 2006 U.S. Dist. LEXIS 53720  (D.N.J. Aug. 3, 2006) ................. 13, 14

Neitzke v. Williams,
    490 U.S. 319 (1989).......................................................................................... 3, 5

Pane v. RCA Corp.,
    868 F.2d 631 (3d Cir. 1989) ................................................................................ 8

Phillips v. County of Allegheny,
    515 F.3d 224 (3d Cir. 2008) ............................................................................ 4, 11

Pilot Life Insurance Co. v. Dedeaux,
    481 U.S. 41 (1987)............................................................................................... 5

Pryzbowski v. U.S. Healthcare, Inc.,
    245 F.3d 266 (3d Cir. 2001) ...................................................................... passim

Roll v. Singh,
    No. 07-cv-04136, 2010 U.S. Dist. LEXIS 47498 (D.N.J. Apr. 12, 2010)............. 16

Scheibler v. Highmark Blue Shield,
    243 F. App'x 691 (3d Cir. 2007) ........................................................................ 10

Scott v. Gulf Oil Corp.,
    754 F.2d 1499 (9th Cir. 1985) ............................................................................. 6

Slack v. Suburban Propane Partners, L.P.,
    No. 10-2548, 2010 U.S. Dist. LEXIS 98602  (D.N.J. Sept. 21, 2010) ................ 19

Stanley v. IBEW,
    207 F. App'x 185 (3d Cir. 2006) ........................................................................ 10

Twp. of W. Orange v. Whitman,
    8 F. Supp. 2d 408 (D.N.J. 1998) ......................................................................... 5

Van Orman v. Am. Ins. Co.,
  680 F.2d 301 (3d Cir. 1982) ................................................................. 18, 19

Varity Corp. v. Howe,
  516 U.S. 489 (1996) ....................................................................... 13, 14, 15

VRG Corp. v. GKN Realty Corp.,
  135 N.J. 539 (1994) ................................................................................. 17

## STATUTES

29 U.S.C. § 1003(a) ...................................................................................... 1

29 U.S.C. § 1101 ........................................................................................... 1

29 U.S.C. § 1132(a) ...................................................................................... 5

29 U.S.C. § 1132(a)(3) ................................................................................ 13

29 U.S.C. § 1144(a) ...................................................................................... 5

29 U.S.C. 1132(a)(3) ................................................................................... 14

## RULES

Federal Rule of Civil Procedure 12 ........................................................... 20

Federal Rule of Civil Procedure 12(b)(6) ........................................... passim

Federal Rule of Civil Procedure 8 .................................................... 4, 11, 16

Federal Rule of Civil Procedure 8(a)(2) ...................................................... 4

Defendant Connecticut General Life Insurance Company ("CGLIC") respectfully submits this memorandum of law in support of its motion to dismiss Counts One, Three, Four, and Five of Plaintiff Montvale Surgery Center, LLC's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

This case is a simple dispute over benefits due under ERISA-governed employee benefits plans.  Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, et seq. For the reasons set forth in detail below, therefore, the state law claims of Counts One, Three, Four, and Five must be dismissed as preempted by ERISA.  Moreover, to the extent intelligible claims may be discerned, they are not viable as a matter of law, as Plaintiff's Complaint is hopelessly vague, missing key information necessary to make out viable claims.  The Complaint was previously filed as an attachment to Defendant's Notice of Removal.  See Docket Entry No. 1, Ex. A.

Plaintiff, which provides surgical facility services, bases its entire Complaint on the allegation that Defendant has not properly paid for services Plaintiff rendered to its patients, alleged to be members of health care plans that Defendant allegedly administers.  Plaintiff pleads that it is an out-of-network medical provider.  Complaint ("Compl.") ¶ 1.  It is established, therefore, that Plaintiff does not contract with Defendant or any of its affiliates.  Plaintiff alleges that "[t]he patients who received medical services at MSC were Cigna ERISA participants and individual Cigna insureds, who have assigned their rights to reimbursement and payment of the charges for the surgical facility services to Plaintiff," ¶ 13, and who received these benefits as an employee benefit, id. ¶ 10. The health benefit plans at issue, therefore, are subject to ERISA.  29 U.S.C. § 1003(a).  A substantial portion of Plaintiff's Complaint is composed of state common

law claims, however.  It follows, therefore, that these claims must be dismissed pursuant to ERISA's broad preemptive reach.

As will be further discussed <u>infra</u>, Point III, Plaintiff's claims of breach of contract (Count One), breach of ERISA fiduciary duty (Count Three), negligent misrepresentation (Count Four), and unjust enrichment (Count Five) are preempted by the federal law of ERISA. Additional results that flow from the preemptive effect of ERISA are that all extra-contractual damages and a jury trial are unavailable.  Finally, as will be discussed in Point IV, <u>infra</u>, even if Plaintiff's claims in Counts One, Three, Four, and Five were cognizable under state law, which they are not, Plaintiff has failed to plead <u>any</u> of those claims adequately under the standard articulated in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) and/or they are otherwise invalid as a matter of law.  Therefore, those counts must be dismissed on that ground alone.

For these reasons, Defendant respectfully requests that Counts One, Three, Four, and Five of Plaintiff's Complaint be dismissed with prejudice, as either preempted under federal law or simply not stating any cause of action.  Defendant will not be addressing Count Six, as it is not directed at any named defendant.  Plaintiff alleges that "ABC Corporations 1 through 10, were parties responsible for the payments of [Plaintiff's] reasonable and customary fees and failed to make appropriate payments to [Plaintiff]."  Compl. ¶ 55.  In this essentially one paragraph count, Plaintiff does not allege any distinct cause of action.  Accordingly, Defendant will not address Count Six in the within motion and respectfully requests that the Court dismiss this claim outright.

## ARGUMENT

**I.      THE MOTION TO DISMISS STANDARD**

### A.      Rule 12(b)(6) Requires Dismissal Of Claims That Are Invalid As A Matter Of Law

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of claims that fail to state a valid cause of action as a matter of law.  A motion to dismiss serves to dispense with those issues that, as a matter of law, are incapable of supporting a judgment or verdict in the claimant's favor.  Nietzke v. Williams, 490 U.S. 319, 326-27 (1989) (Rule 12(b)(6) procedure "streamlines litigation by dispensing with needless discovery and factfinding"); Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968, 973 (8th Cir. 1968), cert. denied, 395 U.S. 961 (1969) (motion to dismiss "can serve a useful purpose in disposing of legal issues with a minimum of time and expense to the interested parties").

In order to avoid dismissal under Rule 12(b)(6), a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. A complaint must set forth sufficiently detailed, credible factual allegations that are able to "raise a right to relief above the speculative level."  Id. at 555.  The Supreme Court revisited and endorsed this basic rule in Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Lopez v. Beard, 333 F. App'x 685, 687 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).  Accordingly, a court will not accept bald assertions, untenable inferences, or unsupported legal conclusions disguised as factual allegations.  See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation

3

of the elements of a cause of action will not do . . . [O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citations omitted).

An essential function of the complaint is to afford the defendant fair notice of the claim. Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Twombly</u>, however, makes clear that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 550 U.S. at 555. Indeed, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 555).

Following <u>Twombly</u>'s direction, the Third Circuit has acknowledged that situations may arise where "the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). The Court of Appeals further stated that in light of the Supreme Court's ruling in <u>Twombly</u>: "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief . . . [and] without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." <u>Id.</u> "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Iqbal</u>, 556 U.S. at 678-79. Therefore, where a complaint has not alleged sufficient facts to state a plausible, credible claim, giving fair notice to the defendant, it will be dismissed.

## II.  ERISA PREEMPTION

### A.  The ERISA Preemption Provisions

Most importantly for the purposes of this case, "'Rule 12(b)(6) . . . authorizes a court to dismiss a claim on the basis of a dispositive issue of law.'"  DeGrazia v. FBI, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)); Bishop v. GNC Franchising LLC, 248 F. App'x 298, 299 (3d Cir. 2007) (same); Twp. of W. Orange v. Whitman, 8 F. Supp. 2d 408, 413 (D.N.J. 1998) (same).  The determination of whether Plaintiff's claims are preempted by ERISA presents such a legal question.  See, e.g., Lee v. MBNA Long Term Disability & Benefit Plan, 136 F. App'x 734, 746 (6th Cir. 2005) ("[E]ven if [the plaintiff] had pled a state-law breach-of-fiduciary duty or bad-faith claim, it would have failed as a matter of law as preempted under ERISA.").

ERISA contains two statutory provisions that preempt state law causes of action.  The first is Section 502(a), 29 U.S.C. § 1132(a), which sets forth a comprehensive civil enforcement scheme and forecloses any state law claim that falls within its zone of influence.  In Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987), the Supreme Court described the broad preemptive effect of Section 502(a):

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.  The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Id. at 54.  As such, this first preemption provision is known as "complete preemption."

ERISA's second preemption provision, which effectuates what is known as "express preemption" or "conflict preemption," is set out in Section 514(a), 29 U.S.C. § 1144(a).  Section

514 preempts "any and all state laws" that "relate to any employee benefit plan."  The Supreme Court has recognized that express or conflict preemption under Section 514(a) is "deliberately expansive."  Id. at 46.  Indeed, a state law "relates to" an ERISA benefit plan when "it has a connection with or reference to such a plan," Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985), or when "the existence of [an ERISA] plan is a critical factor in establishing liability," Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139-40 (1980).

Taken together, these two sections give ERISA a preemptive effect with few parallels in this country's laws.  "[A]ny state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."  Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).  ERISA's preemption regime "establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA."  FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990) (quotation omitted) (alteration in original).  Indeed, ERISA's preemptive effect extends to both common law and statutorily-based causes of action.  See, e.g., Finocchiaro v. Squire Corrugated Container Corp., No. 05-5154, 2007 U.S. Dist. LEXIS 12642, at *7-8 (D.N.J. Feb. 22, 2007) (Chesler, J.) ("'ERISA preemption extends to state common-law causes of action as well as state regulatory statutes, and claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are nonetheless preempted when the claims arise from the administration of such plans.'") (quoting Scott v. Gulf Oil Corp., 754 F.2d 1499, 1504 (9th Cir. 1985)); Illingworth v. Nestle U.S.A., 926 F. Supp. 482, 492 (D.N.J. 1996) (noting that the Supreme Court had "rejected the view that common law causes of action or state regulatory statutes are preempted only when they attempt to regulate an area expressly covered by ERISA, such as reporting, disclosure and fiduciary

6

responsibilities," and finding that "[b]ecause [the plaintiff's] claim relates to an employee benefit plan, ERISA preempts New Jersey law, and any entitlement to relief is governed by federal law.").

## III.   COUNTS ONE, THREE, FOUR, AND FIVE OF PLAINTIFF'S COMPLAINT ARE PREEMPTED BY ERISA

Counts One, Three, Four, and Five of Plaintiff's Complaint allege the following causes of action against Defendant:   breach of contract (Count One); breach of fiduciary duty (Count Three); negligent misrepresentation (Count Four); and unjust enrichment (Count Five).   Counts One, Three, Four, and Five are based upon state law and depend upon Defendant's alleged wrongful administration of ERISA plan benefits.   Therefore, ERISA preempts each of those claims.

### A.   Count One -- Breach of Contract

In Count One, Plaintiff alleges a state law cause of action for breach of contract based on the non-payment of employee benefits.  See Compl. ¶ 19 ("Defendants breached its [sic] contract with the Patients by failing to make payment to [Plaintiff] the reasonable and customary rate for the medical services rendered under the terms of the individual Patients' health insurance policies.").   As explained in Point II(A), supra, ERISA preempts the entire field of claims for benefits under an employee benefit plan and all state laws that relate to employee benefit plans. Essentially, Plaintiff seeks to recover the policy benefits that it contends Defendant wrongfully denied.   Accordingly, the breach of contract claim is a standard ERISA claim for benefits under an ERISA plan.

Well-settled federal law dictates that a state law claim for benefits under an ERISA plan is preempted.   The Third Circuit examined this very issue in Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 272 (3d Cir. 2001).   The Court of Appeals found that legislative history compelled

the conclusion that a state law claim for benefits under an ERISA plan was preempted; the Court quoted the Conference Report, "which stated that all suits 'to enforce benefit rights under the plan or to recover benefits under the plan . . . are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947.'"  Id. at 271 (quoting H.R. Conf. Rep. No. 93-1280, at 327 (1974), reprinted in 1974 U.S.C.C.A.N. 5038, 5107) (alteration in original);  see also Ford v. Unum Life Ins. Co. of Am., 351 F. App'x 703, 706 (3d Cir. 2009) (citing Pryzbowski in affirming lower court's determination that plaintiff's state law claims, including breach of contract, were preempted); Early v. U.S. Life Ins. Co. in the City of New York, 222 F. App'x 149, 151-52 (3d Cir. 2007) (citing Pryzbowski in affirming dismissal of plaintiff's breach of contract claim).

Thus there is no room for argument that a breach of contract claim brought to enforce the terms of a policy or plan maintained as an employment benefit under ERISA is preempted. Pryzbowski, 245 F.3d at 278 ("[S]uits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a)."); Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) (finding that ERISA preempts state law breach of contract claim that has "connection with or reference to" ERISA covered plan).  Therefore, Plaintiff's breach of contract claim in Count One, "no matter how couched," Pryzbowski, 245 F.3d at 273, is plainly and unequivocally preempted and should be dismissed on that ground.

### B.    Count Three -- Breach of Fiduciary Duty

Plaintiff's Third Count alleges without elaboration that Defendant has breached its fiduciary duty owed to Plaintiff.  See Compl. ¶¶ 37-43 ("CIGNA HEALTH has a duty to provide [Plaintiff] a full and fair hearing on the claims determination . . . CIGNA HEALTH violated its fiduciary duty to the Patients and [Plaintiff] as assignee of Patients.").  Plaintiff makes this claim

based on the non-payment of employee benefits.  To the extent this Count attempts to plead a claim under state fiduciary duty law, it is yet another claim for benefits preempted by ERISA. See Pryzbowski, 245 F.3d at 272-73.  If Plaintiff is attempting to allege a breach of fiduciary duties under ERISA Section 502(a)(3), long-settled federal law bars any such claim under the facts as alleged in the Complaint.  This point is discussed in detail, infra, Point IV(B).

### C.      Count Four -- Negligent Misrepresentation

In Count Four, Plaintiff alleges that "[d]espite its confirmation of reasonable and customary payment for medically necessary services, prior to [Plaintiff's] rendering of the services, Defendants negligently refused to pay the subject claims appropriately in accordance with said confirmation" and that "[b]ecause of Defendants' negligent misrepresentation, [Plaintiff] was never paid its reasonable and customary rates."  Compl. ¶ 45.  It is clear, however, that a state law claim of negligent misrepresentation is not "allowable at law" against an "ERISA plan."

The Third Circuit addressed allegations of negligence in the context of ERISA benefits in DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442 (3d Cir. 2003), writing:  "Because under our most recent controlling precedent, Pryzbowski, DiFelice's claim that Aetna was negligent in determining that the special tube was 'medically necessary' could have been the subject of a suit under section 502(a) for benefits due under the Plan, his claim is preempted by ERISA."  Id. at 452; see also Kollman v. Hewitt Assocs., LLC, No. 03-2944, 2003 U.S. Dist. LEXIS 18138, at *8 (E.D. Pa. Sept. 22, 2003) (holding that plaintiff's state law claims, including negligent misrepresentation, were preempted by ERISA), rev'd on other grounds, 487 F.3d 139 (3d Cir. 2007); Clancy v. Reliance Standard Life Ins. Co., No. 07-127, 2009 U.S. Dist. LEXIS 78904, at *13-14 (D.N.J. Aug. 20, 2009) (Kugler, J.) (citing Kollman) (same).  Therefore, the ERISA remedial scheme preempts Plaintiff's claim for negligent misrepresentation because it is merely a

claim for benefits due.  Of course, regardless of preemption, this claim also must be dismissed on its merits as not stating a claim, for reasons discussed, <u>infra</u>, Point IV(C).

### D.  <u>Count Five -- Unjust Enrichment</u>

In Count Five of its Complaint, Plaintiff alleges a state law cause of action for unjust enrichment based on the allegedly wrongful denial of employee benefits.  <u>See</u> Compl. ¶¶ 51-52 ("Defendants consistently and systematically refused to pay [Plaintiff] reasonable and customary fees for the medical services rendered, contrary to Defendants' confirmation of payment terms. Defendants have therefore been unjustly enriched . . . . ").  ERISA preempts such a claim.

As set forth <u>supra</u>, Point II(A), Plaintiff's claim for unjust enrichment duplicates, supplements, or supplants the ERISA civil enforcement remedy, thereby conflicting with the "clear congressional intent to make the ERISA remedy exclusive"; consequently, the claim is clearly preempted.  <u>See</u> <u>Davila</u>, 542 U.S. at 209; <u>see also</u> <u>Scheibler v. Highmark Blue Shield</u>, 243 F. App'x 691, 694 (3d Cir. 2007) (affirming district court's dismissal of state law claims, including unjust enrichment, as preempted by ERISA); <u>Stanley v. IBEW</u>, 207 F. App'x 185, 189-90 (3d Cir. 2006) (same).  This is a classic ERISA claim for benefits under an ERISA plan. Such a claim, "no matter how couched," <u>Pryzbowski</u>, 245 F.3d at 273, is plainly and unequivocally preempted, <u>see, e.g.</u>, <u>Ford</u>, 351 F. App'x at 706 (explaining that under <u>Pryzbowski</u>, state laws claims such as breach of contract, negligence, and intentional infliction of emotional distress are generally preempted by ERISA).  This claim, too, is also invalid on its merits, as discussed, <u>infra</u>, Point IV(D).

*     *     *     *     *

In sum, Plaintiff has alleged four state law causes of action that all seek to recover benefits from ERISA-regulated employee benefit plans.  In each count, Plaintiff complains of Defendant's denial of benefits.  No matter how many different ways Plaintiff attempts to plead

10

this claim under state law and "no matter how couched," <u>Pryzbowski</u>, 245 F.3d at 273, Congress intended for ERISA to preempt all state law claims for the recovery of such benefits and, therefore, Counts One, Three, Four, and Five of Plaintiff's Complaint must be dismissed.

**IV.  COUNTS ONE, THREE, FOUR, AND FIVE OF THE COMPLAINT ARE NOT ADEQUATELY PLED UNDER RULE 12(b)(6) AND <u>TWOMBLY</u> AND THEREFORE MUST BE DISMISSED**

Although there is no room for argument that Plaintiff's state law claims in Counts One, Three, Four, and Five do not survive preemption under ERISA, Defendant respectfully submits that even if these claims were cognizable under state law, they are not adequately pled under Rule 12(b)(6) and <u>Twombly</u> and may be dismissed on that ground alone.

**A.  <u>Count One -- Breach of Contract</u>**

As explained <u>supra</u>, Point I, Federal Rule of Civil Procedure 8 requires that a complaint give the defendant fair notice of both the claims that a plaintiff seeks to bring as well as the grounds upon which those claims are based.  <u>Phillips</u>, 515 F.3d at 233.  Where a plaintiff alleges a breach of contract, both Rule 8 and notions of common sense demand that the complaint identify both the contract at issue and the specific contractual provisions that the defendant is alleged to have breached.  As the United States District Court for the District of New Jersey has made clear, "[i]t is axiomatic that contract-based claims that do not adequately identify the contract at issue fail to 'set forth fair notice' of a claim and 'the grounds upon which it rests' and do not 'raise a right to relief above the speculative level.'"  <u>In re Samsung DLP TV Class Action Litig.</u>, No. 07-2141, 2009 U.S. Dist. LEXIS 100065, at *17 (D.N.J. Oct. 27, 2009) (Brown, C.J.) (finding that because plaintiffs had failed to sufficiently identify contracts upon which breach of contract claims were based, those claims had to be dismissed); <u>see</u> <u>also</u> <u>Grambling Univ. Nat'l Alumni Ass'n v. Bd. of Supervisors for the La. Sys.</u>, 286 F. App'x 864, 870 (5th Cir. 2008) (noting that plaintiffs' breach of contract claim failed for a variety of reasons, including that

plaintiffs did not identify content of contractual provisions at issue); Campbell v. PMI Food Equip. Group, Inc., 509 F.3d 776, 787 (6th Cir. 2007) (finding that plaintiffs' breach of contract claim had to be dismissed where plaintiffs failed to identify contractual provision that defendants were alleged to have breached); Clendenin v. Wells Fargo Bank, N.A., No. 2:09-cv-00557, 2009 U.S. Dist. LEXIS 109952, at *9-11 (S.D. W. Va. Nov. 24, 2009) (same).

Here, although Plaintiff has identified its Patients and plan beneficiaries, Defendant is unable to identify in the Complaint the specific contractual terms that Plaintiff alleges Defendant violated because Plaintiff has failed to specify which provisions are at issue. Plaintiff merely alleges that "Defendants breached its [sic] contract with the Patients by failing to make payment to [Plaintiff] the reasonable and customary rate for the medical services rendered under the terms of the individual Patients' health insurance policies." Compl. ¶ 19. Plaintiff's vague references to the plans or polices are insufficient and do not allege which provisions are at issue. To state a claim, Plaintiff must set forth why it believes Defendant should have paid, which will require identifying the provision of the plans Plaintiff asserts was breached when the claims were denied. The Complaint fails to satisfy this basic requirement, and Plaintiff's breach of contract claim fails to pass muster under Twombly as a state law claim and must therefore be dismissed.

### B.   Count Three -- Breach of Fiduciary Duty

To the extent that Count Three of the Complaint seeks relief pursuant to a state common law scheme, Plaintiff's claim for breach of fiduciary duty is a mere reiteration of its claim for breach of contract and similarly must be dismissed for lack of adequate pleading pursuant to Twombly. Defendant reiterates and relies upon the reasons discussed at Point IV(A), supra, regarding Plaintiff's failure to plead a proper breach of contract claim under Twombly.

Assuming arguendo that Plaintiff is asserting a claim of breach of fiduciary duty pursuant to ERISA Section 502(a)(3), such a claim must still be dismissed as redundant to a claim for

benefits.  It is hornbook ERISA law that a claimant pressing a claim for plan benefits under Section 502(a)(1) cannot re-characterize that claim as one for breach of fiduciary duties under Section 502(a)(3).  This proposition has been repeatedly endorsed by the United States Supreme Court, Circuit Courts of Appeal, and District Courts around the country, including this District.  See, e.g., Morley v. Avaya, Inc. Long Term Disability Plan, No. 04-409, 2006 U.S. Dist. LEXIS 53720, at *65-75 (D.N.J. Aug. 3, 2006) (Cooper, J.).  The rule is that a fiduciary duty claim redundant to a claim for benefits is subject to dismissal.

A plan participant's cause of action for breach of fiduciary duties imposed by ERISA is contained in Section 502(a)(3), 29 U.S.C. § 1132(a)(3).  Id. at *65-67.  The Supreme Court has held that Section 502(a)(3) is a "catchall" permitting "appropriate equitable relief for injuries caused by violations that [Section] 502 does not elsewhere adequately remedy."  Varity Corp. v. Howe, 516 U.S. 489, 512 (1996) (emphasis added).  Consequently, where a claim for benefits under Section 502(a)(1)(B) will make the claimant whole, the claimant cannot seek equitable relief under Section 502(a)(3).  Larocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002); Geissal v. Moore Med. Corp., 338 F.3d 926, 933 (8th Cir. 2003), cert. denied, 540 U.S. 1181 (2004).  The federal courts treat it as basic and settled ERISA doctrine that, if a plaintiff can pursue benefits under the plan pursuant to Section 502(a)(1), there is an adequate remedy under the plan barring a further remedy under Section 502(a)(3).  Id.

Indeed, in Harrow v. Prudential Insurance Co. of America, 279 F.3d 244 (3d Cir. 2002), the Third Circuit Court of Appeals refused to allow the plaintiff to cast a claim for benefits as a fiduciary duty claim in order to avoid the rule of exhaustion.[1]  The Court of Appeals rejected this

---

[1] Plaintiff Harrow had apparently pled the fiduciary duty claim for tactical reasons.  The Third Circuit requires a claimant who merely seeks benefits to exhaust internal plan administrative

attempt, finding that "Mrs. Harrow does not allege facts that, if proven, establish a breach of fiduciary duty independent of denial of benefits . . . As the District Court observed, the language of the complaint itself demonstrates that Mrs. Harrow's claim was actually premised on the plan administrators' failure to furnish plaintiff with insurance coverage for Viagra." Id. at 254.  In so holding, the Court of Appeals found that "[a] claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA." Id.  (internal quotation omitted); see also D'Amico v. CBS Corp., 297 F.3d 287, 291-92 (3d Cir. 2002).

In Morley, 2006 U.S. Dist. LEXIS 53720, Judge Cooper applied this classic analysis, rejecting the argument that equitable relief against the threat of future claim denials could support a claim under Section 502(a)(3):

> Section [502(a)(3)] provides that a civil action may be brought "by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter (B) to obtain other appropriate equitable relief (i) to redress such violations, or (ii) to enforce any provisions of this subchapter." Thus, the relief available under Section [502(a)(3)(B)] is limited to "appropriate equitable relief," of which "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"

2006 U.S. Dist. LEXIS 53720 at *67 (quoting Section 502(a)(3), 29 U.S.C. 1132(a)(3), and Varity, 516 U.S. at 512).  "[T]his form of relief does not constitute 'additional relief' otherwise not provided for in Section [502(a)(1)].  Instead, this type of relief is specifically provided for and contemplated by the language in Section [502(a)(1)]." Id. at *68-69 (emphasis added).

---

remedies before proceeding to federal court, but waives the exhaustion requirement for allegations involving breach of fiduciary duty and other violations of the statute.

In this case, the Complaint is barren of allegations sufficient under <u>Twombly</u> to raise "above the speculative level" a "plausible" claim of breach of ERISA fiduciary duties that is discrete from Plaintiff's claim for benefits. 550 U.S. at 555, 570. Plaintiff alleges no conduct on the part of Defendant that is not also alleged in connection with its claims for plan benefits. <u>Harrow</u>, 279 F.3d at 254; <u>D'Amico</u>, 297 F.3d at 291-92.

In short, § 502(a)(3) is a "catchall" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." <u>Varity</u>, 516 U.S. at 512. Where Congress has elsewhere provided adequate relief for a plaintiff's injury, there is no need for further relief, and an action under § 502(a)(3) "would not be 'appropriate'" equitable relief. <u>Id.</u> at 515. For this reason, and based upon the overwhelming weight of authority on this issue, Plaintiff cannot allege a claim for breach of fiduciary duty under ERISA. As previously demonstrated, to the extent Count Three is pleaded as a state law cause of action, it is preempted by ERISA. To the extent Count Three is pleaded pursuant to ERISA, it should be dismissed under federal law as redundant to a ERISA Section 502(a)(1) claim for benefits.

### C.    <u>Count Four -- Negligent Misrepresentation</u>

In Count Four, Plaintiff alleges that "[d]espite its confirmation of reasonable and customary payment for medically necessary services, prior to [Plaintiff's] rendering of the services, Defendants negligently refused to pay the subject claims appropriately in accordance with said confirmation." Compl. ¶ 45. Plaintiff claims that "[b]ecause of Defendants' negligent misrepresentation, [Plaintiff] was never paid its reasonable and customary rates." <u>Id.</u> In reality, this is nothing more than a simple claim for Plan benefits disguised as a tort claim - part of Plaintiff's attempt to complete an end-run around ERISA's sweeping preemptive scheme. In any

case, Plaintiff's claim fails, not only because it is preempted but because it fails under the standard set forth in Twombly.

To establish a claim for negligent misrepresentation, a plaintiff must show "[a]n incorrect statement, negligently made and justifiably relied on, which results in economic loss." Konover Constr. Corp. v. E. Coast Constr. Servs. Corp., 420 F. Supp. 2d 366, 370 (D.N.J. 2006) (internal quotations omitted).   The Complaint, however, is void of any factual allegations that would establish any such "incorrect statement."   To the contrary, Plaintiff refers only to Plaintiff's own alleged "confirmation of reasonable and customary payment for medically necessary services, prior to [Plaintiff's] rendering of the services." Compl. ¶ 45 (emphasis added).  Plaintiff's vague reference to an alleged "confirmation" wholly fails to establish the requisite basis for a negligent misrepresentation claim by failing to allege even that Plaintiff contacted Defendant.   Indeed, the pleading is devoid of any details required by Rule 8, including:   1) who made the statement; 2) when the statement was made; or 3) the content of the alleged incorrect statement.   Moreover, Plaintiff totally fails to articulate how or why Defendant owed it a duty of care that was allegedly breached.   See Roll v. Singh, No. 07-cv-04136, 2010 U.S. Dist. LEXIS 47498, at *62 (D.N.J. Apr. 12, 2010) (Wolfson, J.) (citing Kronfeld v. First Jersey Nat'l Bank, 638 F. Supp. 1454, 1465 (D.N.J. 1986)).  Overall, Plaintiff's conclusory allegation is grossly insufficient under Twombly.

Finally, the allegations refute the very claim Plaintiff attempts to state.  Plaintiff states, "MSC reasonably expected and relied upon what it believed to be Defendants' honest representations that the MSC would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed." Compl. ¶ 46 (emphasis added).  Plaintiff's own allegations do not claim that Defendant made an unqualified assurance of payment.   Indeed, Plaintiff was compensated "in accordance with" the Plans -- Plaintiff's

16

claims were denied in accordance with the terms of the Plans.   Therefore, by Plaintiff's own admissions, there was no misrepresentation, and Plaintiff does not have a cognizable claim at law.

### D.   Count Five -- Unjust Enrichment

In the Fifth Count of its Complaint, Plaintiff re-casts its claim for Plan benefits as an ill-fitting cause of action for "unjust enrichment."   That claim fails on two distinct grounds.   First, New Jersey law requires that, to establish a claim of unjust enrichment, a plaintiff must demonstrate that it provided the defendant with some benefit.   The Complaint is devoid of any such factual allegations.   Similarly, New Jersey law provides that no claim for unjust enrichment can survive where, as here, the parties' respective rights and obligations are set out in the terms of a valid contract.   Here, all of Defendant's obligations vis-à-vis Plaintiff and its assignee patients are set out in the Plans.   Plaintiff's claim for unjust enrichment thus fails as a matter of law.

"The doctrine of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another."   Goldsmith v. Camden County Surrogate's Office, 408 N.J. Super. 376, 382 (App. Div. 2009) (internal citations omitted).   "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust."   VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994).   More specifically, "[t]he unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."   Id. (emphasis added); accord Caputo v. Nice-Pak Prods., Inc., 300 N.J. Super. 498, 507 (App. Div. 1997).   Here, Plaintiff has not alleged any facts suggesting that it conferred a benefit upon Defendant.   To the contrary, Plaintiff expressly alleges that it is an out-

of-network medical provider (i.e., a provider with no direct contractual agreement with Defendants), Compl. ¶ 1, and that it provided treatment to Plan participants/beneficiaries – not to Defendant, id. ¶¶ 1, 8.  Those allegations merely state that Plaintiff provided a benefit to some third parties and do not indicate how Defendant might have been enriched by Plaintiff's activities.  Instead, Plaintiff simply concludes that Defendant received a benefit and that it would therefore be unjust for Defendant to refuse to render payment for that benefit.  Id., ¶¶ 51-52.  That conclusory pleading is insufficient to shield Plaintiff's unjust enrichment claims from a Rule 12(b)(6) challenge.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997) ("In deciding a motion to dismiss, a court must take well-pleaded facts as true but need not credit a complaint's 'bald assertions' or 'legal conclusions.'") (internal quotation omitted).  Plaintiff has thus failed to plead a "plausible" entitlement to relief on its unjust enrichment claim.

Even if Plaintiff were to plead its unjust enrichment claim with the specificity required under federal law (and assuming, arguendo, that the claim would not be preempted by ERISA), Plaintiff's claim would still fail as a matter of law.  As the United States Court of Appeals for the Third Circuit has held, under New Jersey law, "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties."  Van Orman v. Am. Ins. Co., 680 F.2d 301, 310 (3d Cir. 1982).  Courts in this District have utilized that principle on numerous occasions.  See, e.g., Blackhall v. Access Group, No. 2:10-00508, 2010 U.S. Dist. LEXIS 99596, at *17-18 n.6 (D.N.J. Sept. 22, 2010) (Martini, J.) ("Since this is an obligation imposed in equity only in the absence of an actual agreement between the parties, no unjust enrichment claim is available here under New York and New Jersey laws since the parties were bound by the loan agreements."); accord Slack v. Suburban Propane Partners, L.P., No. 10-2548,

2010 U.S. Dist. LEXIS 98602, at *14-15 (D.N.J. Sept. 21, 2010) (Linares, J.) ("Under New Jersey law, 'recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties.'") (quoting Van Orman, 680 F.2d at 310); Alin v. Am. Honda Motor Co., No. 08-4825, 2010 U.S. Dist. LEXIS 32584, at *43 (D.N.J. Mar. 31, 2010) (Hayden, J.); ASCO Power Techs., L.P. v. PEPCO Techs. LLC, No. 03-1942, 2006 U.S. Dist. LEXIS 76368, at *23 (D.N.J. Oct. 19, 2006) (Brown, J.).  The New Jersey state courts are in accord.  See, e.g., Caputo, 300 N.J. Super at 507 ("Because unjust enrichment is an equitable remedy resorted to only when there was no express contract providing for remuneration, a plaintiff may recover on one or the other theory, but not both.") (emphasis added).

Here, Plaintiff has allegedly provided treatment to patients enrolled in the Plans and claims that Defendant has been unjustly enriched by virtue of that treatment.  Defendant's rights and obligations with regard to those Patients are, of course, expressly defined in contractual documents:  the Plans themselves.  The Plans likewise define the Patients' rights and obligations vis-à-vis Defendant.  Moreover, as Plaintiff has allegedly received assignments of those Patients' rights under the Plans, see Compl. ¶ 6, its rights are also explicitly defined by contract. Plaintiff's claim for unjust enrichment thus fails as a matter of law and should be dismissed pursuant to Rule 12(b)(6).   See, e.g., DeGrazia, 316 F. App'x at 173 ("Rule 12(b)(6) . . . authorizes a court to dismiss a claim on the basis of a dispositive issue of law.") (quotation omitted).

*       *       *       *       *

Even if the state law claims alleged in Counts One, Three, Four, and Five of Plaintiff's Complaint were cognizable and not preempted by ERISA, they each must be dismissed on Rule 12(b)(6) and Twombly grounds because they present bare conclusions or are otherwise factually or legally implausible, and thus fail to articulate the grounds upon which Plaintiff is

19

entitled to relief.  Defendant cannot marshal its arguments on the plan issues if it does not know what terms are in dispute.  As only one example of the procedural unfairness, because the plans are incorporated by reference in the pleading, it is entirely possible that a dispute over the plan terms could be resolved as a matter of law upon a Rule 12 motion.  Without a pleading identifying where in the plans the dispute lies, this opportunity for a prompt, merits-based resolution of the case -- one that is specifically provided for in the federal rules -- is rendered useless.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that Counts One, Three, Four, and Five of Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.


**GIBBONS P.C.**

By:    s/E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr.
Allana L. Nason
Victoria K. Pérez
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973) 596-4879
Fax:  (973) 639-6486
*Attorneys for Defendant*
*Connecticut General Life Insurance Company*

Dated: January 25, 2013