**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC A/S/O various "PATIENTS",<br><br>Plaintiffs(s),<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY D/B/A CIGNA, CIGNA HEALTHCARE OF NEW JERSEY, INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendant(s), | CIVIL ACTION NO.: 2:12-cv-05257-SRC-CLW<br><br>**FIRST AMENDED COMPLAINT** |

The Plaintiffs, Montvale Surgical Center, LLC A/S/O various "Patients" identified by first name and last name initial below, (hereinafter referred to as "Plaintiff") by way of First Amended Complaint against Defendants say:

## THE PARTIES

1.      Plaintiff, Montvale Surgical Center, LLC. (hereinafter referred to as "MSC") is an outpatient Ambulatory Surgery Center (hereinafter referred to as "ASC") where surgical procedures are performed, having its office located at 6 Chestnut Ridge Road, Montvale, NJ 07645.  At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in the healthcare plans of Defendants.

Massood & Bronsnick, LLC

Attorneys at Law

2.   Defendant Connecticut General Life Insurance Company d/b/a Cigna (hereinafter "CIGNA") is a national health carrier doing business in the State of New Jersey and the County of Bergen, with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

3.   Cigna Healthcare of New Jersey, Inc. (hereinafter referred to as "CIGNA HEALTH") is a health carrier with its principle place of business at 499 Washington Boulevard, Jersey City, New Jersey.

4.   CIGNA and CIGNA HEALTH (hereinafter collectively referred to as "Defendants") are authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey.

5.   ABC Corps 1-10 have been added as Defendants in this matter because their identity is not known at this time, and Plaintiff is including them in this action through fictitious names.

6.   MSC received written Assignment of Benefits agreements from various Patients, who were CIGNA HEALTH participants, thereby providing Plaintiff the contractual right and standing to pursue the within claims under each Patient's policy of health insurance issued by CIGNA HEALTH.

7.   The terms of Defendants' insurance agreements or plans were controlled by the laws of the State of New Jersey and/or Regulations of the New Jersey Department of Banking and Insurance and by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1101, et seq.

8.   Defendants denied payment for services rendered on the basis that CIGNA HEALTH will not pay for services claiming that the "services rendered by

Massood & Bronsnick, LLC
Attorneys at Law

unlicensed providers or entities." However, at all times relevant herein, CIGNA

HEALTH paid for services to single operating-room facilities that were in-

network with CIGNA HEALTH regardless of their licensure status.

## FIRST COUNT
### (Violation of ERISA)

9.      MSC repeats and re-alleges all prior allegations as though fully set forth herein.

10.      This Count arises under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1101 et seq.

11.      Specifically, in this case, the MSC provided the facilities and treating doctors for

the medical procedures, to various patients and participants in CIGNA

HEALTH insurance plans.

12.      MSC owns a lawfully approved single operating room ASC, providing surgical

services to patients insured by Defendants under health insurance policies

provided to those patients by their employers as an employee benefit

(hereinafter "Cigna ERISA participants"); as well as to other patients insured by

Cigna (hereinafter "individual Cigna insureds")(collectively referred to as

"Patients").

13.      At all times relevant herein, MSC has been authorized by the State of New

Jersey to operate as an ASC pursuant to N.J.S.A. § 45:9-22.5a. As such, at all

times relevant herein, MSC was not required to maintain a license with the State

of New Jersey as an ASC.

14.      In addition, MSC received its approval as a participant as an ASC supplier of

services from the Centers for Medicare & Medicaid Services on or about

October 8, 2008. MSC received it accreditation from the Accreditation

Association for Ambulatory Health Care, Inc. (AAAHC) on or about January 16, 2009.

15.   The patients who received medical services at MSC were Cigna ERISA participants and individual Cigna insureds, who have assigned their rights to reimbursement and payment of the charges for the surgical facility services to Plaintiff. The individuals patients include, but are not limited to:

| **Patients** |
| --- |
| Maria A. |
| William A. |
| Domenick A. |
| Marc B. |
| Allen B. |
| Paul C. |
| Janice C. |
| Tracy C. |
| Jerry D. |
| Deanna D. |
| Anthony D. |
| Maritza E. |
| Nadine F. |
| Nathan F. |
| Ronald G. |
| Mattie G. |
| Thomas G. |
| Robin H. |
| Mamie I. |
| Thomas J. |
| James J. |
| Jessica K. |
| Brian L. |
| Michael M. |
| Cindy M. |
| Aneel M. |
| Herbert M. |
| Kimberly M. |
| Janet M. |

Massood & Bronsnick, LLC

Attorneys at Law

| |
|---|
| Anthony M. |
| Melissa O. |
| Glenn O. |
| Corina P. |
| Robert P. |
| Sandhya P. |
| Keith R. |
| Nicole R. |
| Virginia R. |
| Patricia S. |
| Gail S. |
| Adam W. |

(hereinafter referred to collectively as "Patients").

16.    Defendants' Plans with the Patients contain provisions that permit payment on behalf of these patients for outpatient facility services at the surgical facilities.

17.    Defendants denied payment for services rendered on the basis that CIGNA HEALTH will not pay for services claiming that the "services rendered by unlicensed providers or entities." However, at all times relevant herein, CIGNA HEALTH paid for services to single operating-room facilities that were in-network with CIGNA HEALTH regardless of their licensure status.

18.    The total unpaid charges representing surgical facility services on account of services provided to the Patients, which have been assigned to Plaintiff and for which payment has been refused currently exceeds $1,300,000.00.

19.    Despite its confirmation of reasonable and customary payment for medically necessary services, prior to MSC rendering of the services, Defendants refused to pay the subject claims appropriately in accordance with said confirmation. Because of Defendants' misrepresentations, MSC was never paid its reasonable and customary rates.

Massood & Bronsnick, LLC
Attorneys at Law

20. Defendants represented to MSC and the Patients that medical services would be paid to outpatient ASCs. However, Defendants misrepresented this fact to the Patients since the Defendants knew they would not pay out-of-network ASCs operating single room (unlicensed) facilities, yet would have paid in-network ASC's operating single room (unlicensed) facilities.

21. The Defendants' disparate payment policy regarding out-of-network ASCs, like MSC and in-network ASCs constitutes a decision and policy that is arbitrary and capricious.

22. MSC has demanded payment from Defendants and submitted appeals requesting the reasonable and customary rate for the medical services rendered under the terms of the individual Patients' health insurance policies.

23. The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by CIGNA HEALTH and/or CIGNA HEALTH's designated third-party administrator and/or agent under ERISA.

24. CIGNA HEALTH is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

25. CIGNA HEALTH is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or

Massood & Bronsnick, LLC
Attorneys at Law

functional authority in the administration of the Patients' plans.

26.     CIGNA HEALTH's fiduciary functions include, *inter alia*, preparation and submission of explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

27.     MSC received assignment of benefits from the Patients which had "out of network" benefits for surgery under their plans or insurance agreements with or administered by CIGNA HEALTH through which the Patients assigned to MSC, *inter alia*, the individual Patients' right to receive payment directly from CIGNA HEALTH for the services that the Patients received from MSC.

28.     Each Assignment of Benefits that MSC received from each Patient confers upon MSC the status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

29.     As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B), MSC is entitled to recover benefits due (and/or other benefits due to the Patients), and to enforce the rights of the Patients (and/or the rights of the Patients) under ERISA law and/or the terms of the applicable plans/policies.

30.     MSC has sought payment of benefits under the applicable Patients' plans and CIGNA HEALTH has refused to make payment to MSC for all the medical services rendered to the Patients despite the fact that MSC was a duly authorized ASC in the State of New Jersey and CIGNA HEALTH paid other "in-network"

Massood & Bronsnick, LLC
Attorneys at Law

single room facilities for medical services during the relevant time period.

31.    The denial of Patients' claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

32.    The form and basis of the denial of the Patients' claims are insufficient and not in compliance with ERISA.

33.    MSC is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

34.    There is no basis for the claims not being paid when the reasonable and customary charge is the standard.

WHEREFORE, MSC requests judgment against Defendants for:

a)    Compensatory damages;

b)    Interest;

c)    Costs of suit;

d)    Attorney's fees; and

e)    Such other relief as the Court deems equitable and just.

## SECOND COUNT

35.    MSC repeats and re-alleges all prior allegations as though fully set forth herein.

36.    On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of MSC's reasonable and customary fees and failed to make appropriate payments to MSC.

Massood & Bronsnick, LLC
Attorneys at Law

WHEREFORE, MSC requests judgment against Defendants for:

     a)   Compensatory damages;

     b)   Interest;

     c)   Costs of suit;

     d)   Attorney's fees; and

     e)   Such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

## JURY DEMAND

The undersigned hereby demands a trial by jury as to all issues.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

_____
ANDREW R. BRONSNICK, ESQ.

Dated: March 22, 2013
w:\wp51\majormed\montvale surgical center\cigna non-payment cases\first amended complaint 3.6.13.docx

Massood & Bronsnick, LLC

Attorneys at Law