E. Evans Wohlforth, Jr.
Ryan E. Hanlon
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

*Attorneys for Defendants Connecticut General Life Insurance Company, and CIGNA Healthcare of New Jersey, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o various "PATIENTS",<br><br>Plaintiff,<br><br>vs.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA, CIGNA HEALTHCARE OF NEW JERSEY, INC.; ABC CORPS. (1-10) (said names being fictitious and unknown entities),<br><br>Defendants. | Civil Action No. 12-05257 (SRC) (CLW)<br><br>*Document electronically filed*<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Connecticut General Life Insurance Company ("CGLIC") and CIGNA Healthcare of New Jersey, Inc. ("CIGNA HEALTH") (collectively, "CIGNA Defendants"), by and through their attorneys, Gibbons P.C., as and for their Answer and Affirmative Defenses to the Amended Complaint of Plaintiff Montvale Surgical Center, LLC A/S/O various "Patients" (hereinafter referred to as "Plaintiff"), state as follows:

## AS TO THE PARTIES

1. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

2. The characterization of CGLIC as a "national health carrier" in Paragraph No. 2 of the Amended Complaint is too vague for a response to be required and is therefore denied. The remaining allegations of this paragraph are admitted.

3. The characterization of CIGNA HEALTH as a "health carrier" in Paragraph No. 3 of the Amended Complaint is too vague for a response to be required and is therefore denied. The remaining allegations of this paragraph are admitted.

4. The allegations of Paragraph No. 4 of the Amended Complaint are denied as to CIGNA HEALTH. The remaining allegations of this paragraph are admitted.

5. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

6. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

7. The allegations set forth in Paragraph No. 7 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

8. Denied.

## **AS TO THE FIRST COUNT**

9. The CIGNA Defendants incorporate the responses set forth in Paragraph Nos. 1 through 8 above as if fully set forth herein.

10. The allegations set forth in Paragraph No. 10 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

11. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

12. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 12 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

13. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs. Further, the allegations set forth in Paragraph No. 13 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

14. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 14 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

15. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

16. The documents referenced in Paragraph No. 16 of the Amended Complaint speak for themselves and are the best evidence of their contents, therefore no response is required. Further, the allegations set forth in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

17. The document quoted in the first sentence of Paragraph 17 of the Amended Complaint speaks for itself and is the best evidence of its contents, therefore no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint. The remaining allegations of this paragraph are denied.

18. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 18 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

19. Denied.

20. Denied.

21. The allegations set forth in Paragraph No. 21 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

22. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 22 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 27 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs. Further, the allegations set forth in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

28. The allegations set forth in Paragraph No. 28 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

29. The allegations set forth in Paragraph No. 29 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

30. Denied.

31. The allegations set forth in Paragraph No. 31 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

32. The allegations set forth in Paragraph No. 32 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

33. The allegations set forth in Paragraph No. 33 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

34. The allegations set forth in Paragraph No. 34 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the CIGNA Defendants deny the allegations contained in this paragraph of the Amended Complaint.

**WHEREFORE,** the CIGNA Defendants hereby demand that judgment be entered in their favor and against Plaintiff, dismissing with prejudice all claims for relief set forth in the Amended Complaint and awarding the CIGNA Defendants attorneys' fees, costs of suit, and such further relief as the Court deems just and proper.

**AS TO THE SECOND COUNT**

35. The CIGNA Defendants incorporate the responses set forth in Paragraph Nos. 1 through 34 above as if fully set forth herein.

36. The CIGNA Defendants lack knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 36 of the Amended Complaint and therefore deny same, leaving Plaintiff to its proofs.

**WHEREFORE,** the CIGNA Defendants hereby demand that judgment be entered in their favor and against Plaintiff, dismissing with prejudice all claims for relief set forth in the Amended Complaint and awarding the CIGNA Defendants attorneys' fees, costs of suit, and such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The allegations in the Amended Complaint fail to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policies or plans at issue.

### Third Affirmative Defense

Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., which precludes any related state law causes of action.

### Fourth Affirmative Defense

Plaintiff's remedies, if any, are limited to those provided under ERISA and its damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable policy.

### Fifth Affirmative Defense

The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

### Sixth Affirmative Defense

No payments are owed to Plaintiff under the terms and conditions of the said policies or plans.

### Seventh Affirmative Defense

Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

### **Eighth Affirmative Defense**

This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

### **Ninth Affirmative Defense**

Plaintiff's claim for benefits under the policy was properly denied by the CIGNA Defendants.

### **Tenth Affirmative Defense**

The CIGNA Defendants assert any and all defenses available to them under the terms of ERISA, 29 U.S.C. § 1001, et seq.

### **Eleventh Affirmative Defense**

Plaintiff's claims are barred by the doctrines of estoppel, laches, equitable estoppel and waiver.

### **Twelfth Affirmative Defense**

Plaintiff has failed to satisfy one or more conditions precedent for coverage under the contract.

### **Thirteenth Affirmative Defense**

The CIGNA Defendants owe no obligation under the contract to pay benefits.

### **Fourteenth Affirmative Defense**

The CIGNA Defendants' denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

### Fifteenth Affirmative Defense

The CIGNA Defendants' factual determinations resulting in the denial of benefits was, under all of the circumstances, reasonable.

### Sixteenth Affirmative Defense

Plaintiff is not entitled to a jury trial pursuant to the provisions of ERISA, 29 U.S.C. §1001, et seq.

### Seventeenth Affirmative Defense

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations under ERISA and any contractual limitations period under the terms of the policy or plan.

### Eighteenth Affirmative Defense

Plaintiff's claims are or may be barred in whole or in part by any other applicable statute of limitations.

### Nineteenth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrines of accord and satisfaction.

### Twentieth Affirmative Defense

The CIGNA Defendants have discretionary authority to determine Plaintiff's eligibility for benefits and its decisions were not arbitrary and capricious.

### Twenty-First Affirmative Defense

The CIGNA Defendants are not equitably estopped from denying Plaintiff's claims for future payment.

### Twenty-Second Affirmative Defense

The allegations in the Amended Complaint fail to state a cause of action pertaining to any claim for attorneys fees, interest and costs.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's own delay in furnishing proof of loss which, in the absence of legal incapacity, bars Plaintiff's claims.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are or may be barred, in whole or in part, by failure of consideration.

### Twenty-Sixth Affirmative Defense

The CIGNA Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings and reserve the right to amend this Answer to assert such defenses.

**WHEREFORE,** the CIGNA Defendants hereby demand that judgment be entered in their favor and against Plaintiff, dismissing with prejudice all claims for relief set forth in the Amended Complaint and awarding the CIGNA Defendants attorneys' fees, costs of suit, and such further relief as the Court deems just and proper.


Dated: May 24, 2013  s/ E. Evans Wohlforth, Jr.
      Newark, New Jersey  E. Evans Wohlforth, Jr.
Ryan E. Hanlon
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4500
ewohlforth@gibbonslaw.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, the CIGNA Defendants, by their attorneys, Gibbons P.C., state that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding to the best of our knowledge or belief.

Dated: May 24, 2013  s/ E. Evans Wohlforth, Jr.
      Newark, New Jersey  E. Evans Wohlforth, Jr.
Ryan E. Hanlon
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4500
ewohlforth@gibbonslaw.com