**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiffs

**THE AGRESTA FIRM PC**
24 Grand Ave
Englewood, NJ 07631
(201) 399-6891
Attorneys for: Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC A/S/O various "PATIENTS", <br><br> Plaintiffs(s), <br><br> v. <br><br> CONNECTICUT GENERAL LIFE INSURANCE COMPANY D/B/A CIGNA, CIGNA HEALTHCARE OF NEW JERSEY, INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 2:12-cv-05257-SRC-CLW <br><br> **CERTIFICATION OF ANDREW R. BRONSNICK** |

I, ANDREW R. BRONSNICK, do hereby certify as follows:

1. I am an attorney at law of the State of New Jersey, partner with the Law Firm of Massood & Bronsnick, LLC, attorneys for the Plaintiff, Montvale Surgical Center, LLC a/s/o various "PATIENTS" ("Plaintiff").

2. The complaint in this matter was originally filed on July 17, 2012 in the Law Division of

the Superior Court of New Jersey, in Bergen County.

3. On August 22, 2012 the Defendants removed this case to the United States District Court of New Jersey.

4. On January, 25, 2013, Defendants filed a Motion to Dismiss Counts One, Three, Four, and Five of the Complaint.

5. On March 25, 2013, Plaintiff filed an Amended Complaint, rendering Defendant's Motion to Dismiss moot.

6. On March 25, 2013, Defendant withdrew their Motion to Dismiss Counts One, Three, Four and Five of the Complaint.

7. Defendants filed an Answer on May 24, 2013.

8. The original due date for the exchange of Rule 26 Disclosures, as set forth through the Joint Discovery Plan, was December 31, 2013.

9. Plaintiff sent Rule 26 Disclosures to Defendants on December 13, 2013.

10. The due date for the Rule 26 Disclosures was later extended to January 31, 2014.

11. Defendants sent their Rule 26 Initial Disclosure Statement via email on January 31, 2014, but Plaintiff did not provide any of the Summary Plan Descriptions ("SPDs") for the relevant Plans at that time.

12. There are 42 patient's bills involved in this action, each involving a self-funded plan and plan materials, including SPDs that Plaintiff needed to review and evaluate in order to effectively amend the complaint and address all issues in the case.

13. On February 18, 2014 Defendants' counsel provided some of the Plan SPDs. Defendants' counsel provided me with additional SPDs via Federal Express on March 4, 2014.

14. However, Defendants have still not provided a copy of the administrative record in its

possession for the 42 patients involved in this case. As such, their Rule 26 Disclosures remain incomplete.

15. On May 6, 2014, the Court entered an Order permitting Plaintiff to file an Amended Complaint. Plaintiff did not file the proposed Amended Complaint, and instead sought to review the case with new counsel.

16. On May 21, 2014, Anthony K. Modafferi, III, Esq. of The Agresta Firm, P.C. entered an appearance as co-counsel for Plaintiff.

17. Mr. Modafferi, reviewed the Rule 26 disclosures and revised the proposed Second Amended Complaint.

18. Plaintiff has good cause to file the curative amendment in the form proposed because it corrects defects due to the late submission of the Rule 26 Disclosures by Defendants and includes facts which properly focus on the issues which will be addressed by the parties including state statute(s) and regulations and the federal anti-discrimination provisions adopted as part of Patient Protection and Affordable Care Act ("PPACA") also known as the Harkin Amendment which prohibits discrimination against providers.

19. Plaintiff has not engaged in any undue delay or dilatory motive, nor is there any undue prejudice to the opposing party by virtue of allowance of the amendment, thus leave should, as the rules require, be 'freely given" pursuant to the Supreme Court's pronouncement in Foman v. Davis, 371 U.S. 178, 182 (1962).

20. In this regard, Plaintiff has added several factual allegations and causes of action to the currently proposed Second Amended Complaint, as well as a count for the recovery of attorneys' fees pursuant to ERISA 20 U.S.C. §1132 (g)(1). See Proposed Second Amended Complaint, attached hereto as Exhibit "A".

Massood & Bronsnick, LLC
Attorneys at Law

21. Plaintiff also adds counts for promissory estoppel and negligent misrepresentation for all Plans and a count for Breach of Contract for Non-ERISA Plans.

22. The proposed Second Amended Complaint would not change any of the current scheduling in the case since the Defendants have only provided copies of the actual Plans, but have not yet provided any portion of the administrative record for the Patients at issue. In addition, the parties have not engaged in any discovery as of the date of my certification.

Massood & Bronsnick, LLC
Attorneys at Law

CERTIFICATION

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                MASSOOD & BRONSNICK, LLC
                Attorneys for Plaintiffs


                By: __s/Andrew Bronsnick_____
                    ANDREW R. BRONSNICK, ESQ.

Dated:  June 17, 2014

w:\wp51\majormed\montvale surgical center\cigna non-payment cases\mtn for good cause\cert arb 061614.docx