**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

**THE AGRESTA FIRM PC**
24 Grand Ave
Englewood, NJ 07631
(201) 399-6891
Attorneys for: Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC A/S/O various "PATIENTS", <br><br> Plaintiff(s), <br><br> v. <br><br> CONNECTICUT GENERAL LIFE INSURANCE COMPANY D/B/A CIGNA, CIGNA HEALTHCARE OF NEW JERSEY, INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 2:12-cv-05257-SRC-CLW |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR GOOD CAUSE AND FOR LEAVE TO FILE A SECONDAMENDED COMPLAINT**

**STATEMENT OF FACTS**

The Complaint in this matter was originally filed on July 17, 2012 in the Law Division of the Superior Court of New Jersey, in Bergen County. After removal to Federal Court, Defendants filed an Answer on May 24, 2013.

The original due date for the exchange of Rule 26 Disclosures, as set forth through the Joint Discovery Plan, was December 31, 2013. Plaintiff sent Rule 26 Disclosures to Defendants on December 13, 2013. The due date for the Rule 26 Disclosures was later extended to January 31, 2014. Defendants sent their Rule 26 Initial Disclosure Statement via email on January 31, 2014, but Plaintiff did not provide any of the Summary Plan Descriptions ("SPDs") for the relevant Plans at that time. The SPDs were provided via cover letters dated February 19, 2014 and March 4, 2014. Plaintiff never raised an issue or objection regarding the late production of these documents.

Furthermore, as of the present date, Defendants have still not provided a copy of the administrative record in its possession for the 42 patients involved in this case. As such, the Defendants' Rule 26 Disclosures remain incomplete.

On May 6, 2014, the Court entered an Order permitting Plaintiff to file an Amended Complaint. The Court's Order did not provide a specific deadline for the filing of the Amended Pleading. Plaintiff did not file the proposed Amended Complaint, but sought to review the case with new counsel. On May 21, 2014, Anthony K. Modafferi, III, Esq. of The Agresta Firm, P.C. entered an appearance as co-counsel for Plaintiff. Mr. Modafferi, reviewed the Rule 26 disclosures and Plaintiff proposed to file a revised Second Amended Complaint. A copy of the proposed Amended Complaint was sent to Defendants on June 2, 2014 via ECF and email with Plaintiff's proposed Second Amended Complaint immediately before the pre-scheduled

telephone conference with the Court.

Plaintiff has good cause to file the curative amendment in the form proposed because it corrects defects due to the late submission of the Rule 26 Disclosures by Defendants and includes facts which properly focus on the issues which will be addressed by the parties, including state statute(s) and regulations and the federal anti-discrimination provisions adopted as part of Patient Protection and Affordable Care Act ("PPACA") also known as the Harkin Amendment which prohibits discrimination against providers.

Plaintiff has acted with proper diligence to amend the Complaint. Although the proposed amendment provided by Plaintiff was different than the current proposed Second Amended Complaint, Plaintiff addressed the difference with the Court less than one month from the time the Court granted leave to file the proposed amendment. During that time, Plaintiff sought and retained co-counsel, Mr. Modafferi, who entered an appearance for Plaintiff on May 21, 2014. Within two weeks of Mr. Modafferi's appearance, Plaintiff sought to amend its Complaint based upon the currently proposed version. The delay, if any, caused by Plaintiff's new theories was a matter of a few short weeks. In addition, Plaintiff has complied with other aspects of the Court's Scheduling Order, while Defendants have required additional time, and still have not fully complied with production of Rule 26 disclosures.

While some of the factual allegations contained in the proposed Second Amended were known to Plaintiff previously, there are legal theories that have only come to light after the implementation of the PPACA. In addition, the parties have not engaged in any discovery as of the current date and the need may exist, for additional theories to be developed in the event production of the full administrative record and/or other discovery reveals additional facts and allegations.

**LEGAL ARGUMENT**

**I.**

**PLAINTIFF DEMONSTRATES GOOD CAUSE TO FILE THE
PROPOSED SECOND AMENDED COMPLAINT**

Rule 16 of the Federal Rules of Civil Procedure authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 469 (D.N.J. Oct.19, 1990) (quoting Fed.R.Civ.P. 16 advisory committee's note (1983 Amendment)); see also Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir.1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point ... the pleadings will be fixed." Fed.R.Civ.P. 16(b) advisory committee's note (1983 Amendment); The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and accordingly, for the Court to allow its proposed amended pleading. Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir.2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

Whether "good cause" exists under Rule 16 hinges, to a large extent on the diligence, or lack thereof, of the moving party. Rent–A–Ctr. v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. Apr.9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.' "

4

Chancellor v. Pottsgrove Sch. Dist., 501 F.Supp.2d 695, 702 (E.D.Pa. Aug.8, 2007); see also Fed.R.Civ.P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired.

"[G]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" Phillips v. Greben, Civ. No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (citing Newton v. Dana Corp. Parish Div., Civ. No. 94-4958, 1995 WL 368172, at *1 (E.D. Pa. 1995)). Plaintiff's delay, while short and reasonable, arose from various issues, including the consultation with a new counsel, the allegations regarding a developing area of law and the delay by Defendants in providing the SPDs and Rule 26 Disclosures on a timely basis.

For purposes of the instant motion to amend, Plaintiff has exercised a baseline, reasonable level of diligence in pursuing its claims in this case.  Plaintiff developed the theory regarding the Patient Protection and Affordable Care Act ("PPACA") after the PPACA came into effect. The proposed Second Amended Complaint contains allegations involving a new area of law developed since the implementation of the PPACA. The Defendants have simply made self-serving arguments with respect to the PPACA , which are premature and should await production of the appropriate Plan information, including the Plans themselves and other pertinent discovery.  Based upon the PPACA, the federal policy of the this country is that

5

discrimination of the sort alleged in Plaintiff's proposed Second Amended Complaint is not countenanced by the U.S. Congress. Certainly, Plaintiff should be permitted to address this issue and its applicability to the claims herein.

Rule 16(b)(4) requires a party to exercise *reasonable* diligence, not an advanced or superior level of diligence. Plaintiff acted quickly from the time new counsel entered the case until the time request was made to file an amended pleading. What will constitute "good cause" to warrant modification "necessarily varies with the circumstances of each case." Roggio v. FBI, 2011 WL 3625042 (D.N.J. 2011) citing 6A Alan Wright et al., Federal Practice and Procedure § 1522.2 at 313 (3d ed. 2010). Thus, the Court has "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b)." Id., citing Thomas v. Phillips Med.Sys., No. 04-3698 2007 WL 203943, at *10 (D.N.J. January 24, 2007)(Brown, C.J.)(citing 3 James W. Moore et al., Moore's Federal Practice § 16.14[1][b](3d ed. 1997)). The Court is permitted to consider "any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." Williams v. Sullivan, 2011 WL 2119095 at *4 (D.N.J. May 20, 2011).

After receipt of the Summary Plan Descriptions on March 5, 2014, Plaintiff needed to determine the basis for additional claims it sought to bring against Defendants. Although the theories were generally known, the specific allegations were determined after consultation with new co-counsel, Mr. Modafferi. Among the issues involved in Plaintiff's proposed Second Amended Complaint are the deficiencies which still exist in Defendants' production of the administrative record for the patients at issue. Production of the SPDs only, without copies of the actual Plan documents themselves creates additional issues that will be addressed in this case. In fact, the SPDs themselves do not constitute the *terms* of the plan for purposes of §502(a)(1)(B).

CIGNA Corp. v. Amara, 131 S.Ct. 1866, 1877, 1878 (2011). While the provisions in the SPDs highlight Defendants' disparate treatment of in-network versus out-of –network medical providers, the actual governing language and Plans have not yet been produced.

Furthermore, Plaintiff has not been afforded any discovery of certain, relevant documents that will be necessary to evaluate the merits of this case. For example, request will be made for the administrative services contracts and the software protocols implementing the Plans. Defendants simply suggest, in broad-reaching fashion, that the SPDs have no bearing on this issue. However, it was the delayed production of these SPDs and Plaintiff's inability to confirm the provisions in the Plans that has contributed to the delay in seeking the amendment. The Plans themselves, along with the complete administrative record, have still not been produced by Defendants and are relevant to the merits of Plaintiff's claims.

Defendants initially were to provide Rule 26 Disclosures by December 31, 2013, then extended to January 31, 2014, then actually provided in completion by March 5, 2014. That delay, of over 30 days is slightly longer than the time Plaintiff now seeks from the Court. In fact, the Court did, in fact, grant Plaintiff leave to file an amended pleading, albeit in a different form than Plaintiff currently seeks. As such, Plaintiff is not requesting anything that is significantly different from the Court's Scheduling Order, only that the form of the amended pleading be accepted.

While "lack of prejudice to the non-movant does not show good cause," when taken in conjunction with the diligence demonstrated by Plaintiff in timely filing, there is sufficient "good cause" pursuant to Rule 16(b)(4) for the Court to grant leave for plaintiff to amend. See Marlowe Patent Holdings LLC v. Dice Elecs., LLC, No. 10–1199(PGS), 2013 WL 775764, at *12 (D.N.J. Feb.27, 2013). The Court should consider the actions of both parties in determining whether

Plaintiff has acted with good cause, since Defendants have not acted expeditiously with respect to their actions in this case.

## II.

## PLAINTIFF MEETS THE STANDARD FOR GRANTING LEAVE UNDER RULE 15

Rule 15(a) (2) of the Federal Rules of Civil Procedure provides, in relevant part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Federal Rules of Civil Procedure allow liberally for amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations marks omitted). The Rules further provide, that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. Id.

Under Rule 15, the decision to permit an amendment rests in the sound discretion of the Court. See Id.; see also Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d 419, 425 (3d Cir.1981). The U.S. Supreme Court has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir.2000); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir.2006) (stating "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust"). Put differently, absent undue or substantial prejudice, an amendment should be allowed under Rule 15 unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or

8

futility of amendment. Long v. Wilson, 393 F.3d 390, 400 (3d Cir.2004) (citations, internal quotation marks, and emphasis omitted). Pursuant to their discretion under Rule 15, courts generally grant leave to amend where, during the course of discovery, a party discovers "new evidence." See, e.g., Kronfeld v. First Jersey Nat'l Bank, 638 F.Supp. 1454, 1460 (D.N.J. June 20, 1986) (granting motion to amend upon discovery of new evidence where it did "not appear that the amendment would cause undue delay or that plaintiffs [had] a dilatory motive"). Here, Defendants oppose plaintiff's motion to amend on largely grounds of futility. (Defendants' Brief, Docket 48, pages 8-14). They do not argue that the Court should deny leave to amend on the basis of bad faith by Plaintiff, prejudice to Defendants, or undue delay.

## CONCLUSION

For the foregoing reasons, Plaintiff request that the Court grant it leave to file the proposed Second Amended Complaint based upon good cause shown.

                                      MASSOOD & BRONSNICK, LLC
                                      Attorneys for Plaintiff

                          BY:  s/Andrew R. Bronsnick
                                    ANDREW R. BRONSNICK, ESQ.

Dated:  July 31, 2014