

KEVIN R. REICH
Associate

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4689 Fax: (973) 639-6206
kreich@gibbonslaw.com

March 20, 2015

**BY ECF**

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
King Fed. Bldg. & United States Courthouse
50 Walnut St.
Newark, New Jersey 07101-0999

   Re: Montvale Surgical Center, LLC v. Conn. Gen. Life Ins. Co., et al.,
      Civ. No. 12-5257 (SRC) (CLW)

Your Honor:

   This law firm represents defendants Connecticut General Life Insurance Company and improperly named CIGNA Healthcare of New Jersey (collectively "CGLIC") in the above-referenced ERISA action. We write for two reasons: *first*, to submit for Your Honor's consideration the proposed discovery confidentiality order that the plaintiff's counsel consented to on March 18, and *second*, to provide a further update regarding CGLIC's collection of a sample of "actual Plan" documents separate and apart from the Summary Plan Descriptions ("SPD") that have already been produced to the plaintiff.[1]

   As to the first issue, we are enclosing herewith the executed discovery confidentiality order itself, as well as the certification of Kevin R. Reich, Esq. in support of same. We respectfully request that the order be entered.

   The second issue has been the subject of prior letters that we filed on December 31, 2014 [ECF No. 56] and on February 6, 2015 [ECF No. 59]. CGLIC's efforts to obtain and produce to the Court a sampling of seven 'actual' plan documents is proceeding, albeit with some difficulties. As noted in our February 6 letter, all but a few of the patient dates of service at issue occurred in 2009, 2010, and 2011, such that, in many cases, the relevant plan documents are not those currently in force but, instead, are four, five, or six years old. Moreover, as previously discussed, CGLIC has very few of the 'actual' plans in-house, and the process of obtaining these documents from its clients has proven quite time-consuming. Further complicating that process is the fact that 'actual' plan documents are not routinely used (if at all) in day-to-day benefit determinations, which has led to confusion among clients as to what they are being asked to

---

[1] We adopt plaintiff's term 'actual plan,' but we continue to maintain that the SPDs (already provided) constitute valid 'actual plan' documents as well and that the SPDs authoritatively set forth Plan terms.

GIBBONS P.C.

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
March 20, 2015
Page 2

provide, causing yet more delay. Finally, some of CGLIC's clients are unwilling to turn over their 'actual' plan documents voluntarily.

Notwithstanding these hurdles, CGLIC thus far has succeeded in verifying a subset of 'actual' plan documents, which fall into two categories:

1. Actual plans that expressly incorporate the SPD by reference. We have one such Plan that was operative for the date of service in question and another such Plan that did not become operative until after the patient was treated by the plaintiff here.

2. Six plans for which no plan document existed other than the SPD as of the date of service in question (for one of which we are awaiting confirmation). In instances like these, as we have discussed elsewhere, where no standalone document exists, the SPD becomes the authoritative plan document by operation of law.

These results to date substantiate CGLIC's contention, born of custom, practice, and many years of experience, that the SPDs already produced in this case are, in fact, consistent with the so-called 'actual' plan documents, indeed that the SPDs are themselves plan documents, co-existent with the so-called 'actual' plans. The information belies the plaintiff's unsupported belief to the contrary, and therefore undermines the stated justification for the "robust discovery" that the plaintiff seeks by its letter of February 9, 2015 [ECF No. 60]. Now that the plaintiff's counsel has agreed to the enclosed discovery confidentiality order, we anticipate producing shortly the two actual Plans alluded to in category 1 above.

We regret the amount of time that this project has consumed, but we have done our best as outlined here and in our previous letters. Several alternatives are possible. We can (and will) continue our quest to obtain five more sample Plans to furnish to the Court. Alternatively, we could provide the two 'actual' plan documents to Your Honor for review, deem the SPD-only plans as part of the sample, and bring this phase of the case to a close. Or, we could provide to the Court the 'actual' plans we have managed to collect augmented with representative 'actual' plan documents that CGLIC has obtained elsewhere. While those other plan documents would not be directly relevant they would provide the Court further insight into the inter-relation of SPDs and 'actual' plans. We would welcome any guidance the Court might provide on how to proceed. Meanwhile, we will continue to attempt to collect 'actual' plan documents.

We assure Your Honor that we take this matter seriously and are working diligently to assemble the additional 'actual' plan documents we have promised. We appreciate Your Honor's continued patience and kind attention to this matter. Please do not hesitate to contact us with any questions.

GIBBONS P.C.

Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
March 20, 2015
Page 3

                                  Respectfully submitted,

                                  s/ Kevin R. Reich

                                  Kevin R. Reich

Enclosures

cc:      Andrew R. Bronsnick, Esq. *(via ECF)*
          Anthony K. Modafferi, III, Esq. *(via ECF)*
          E. Evans Wohlforth, Jr., Esq. *(via ECF)*