UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC A/S/O various "PATIENTS", <br><br> Plaintiffs(s), <br><br> v. <br><br> CONNECTICUT GENERAL LIFE INSURANCE COMPANY D/B/A CIGNA, CIGNA HEALTHCARE OF NEW JERSEY, INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 2:12-cv-05257-SRC-CLW <br><br><br> **CIVIL ACTION** |

**DECLARATION OF ANDREW R. BRONSNICK, ESQ.**

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for Plaintiff

**THE AGRESTA FIRM PC**
24 Grand Ave
Englewood, NJ 07631
(201) 399-6891
Attorneys for: Plaintiff

I, Andrew R. Bronsnick, hereby declare, under penalty of perjury:

1.  I am an attorney at law of the State of New Jersey, a member of this Court, and a partner of the law firm of Massood & Bronsnick, LLC, attorneys for Plaintiff Montvale Surigcal Center, LLC a/s/o various Patients ("Montvale") in this matter. I make this declaration in support of Montvale's motion pursuant to Federal Rule of Civil Procedure 37 seeking that matters be taken as true and for sanctions and other relief.

2.  Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Set of Interrogatories (served on December 5, 2014) and CGLIC's responses provided on December 31, 2014.

3.  Attached hereto as Exhibit B is a true and correct copy of Plaintiff's First Request to Produce Documents (served on December 5, 2014) and CGLIC's response provided on December 31, 2014.

4.  The Court entered a Pretrial Scheduling Order on December 18, 2013 after conducting a Rule 16 scheduling conference. See Exhibit C, attached hereto. There was not any provision for exchanging and responding to formal discovery requests in the Order.

5.  On October 14, 2014, the Court denied Plaintiff's motion for leave to file a Second Amended Complaint.

6.  On October 16, 2014, the Court conducted a telephone status. At that time, Plaintiff advised the Court the Summary Plan Descriptions ("SPDs") produced by CGLIC did not constitute the authoritative statement of the plan terms governing the benefit claims. Plaintiff requested the production of the actual Plan documents.

7.  The parties addressed the details of their position in letters to the Court, CGLIC by and through counsel's letter on November 24, 2014 (ECF#52, attached hereto as Exhibit D)

and Montvale by and through counsel's letter on November 25, 2015 (ECF#53, attached hereto as Exhibit E).

8. On December 1, 2014, the Court conducted a telephone conference during which the Court ordered that Plaintiff serve supplemental interrogatories by serving and docketing them. Plaintiff served and docketed its interrogatories and requests for documents on December 5, 2014.

9. CGLIC responded to Plaintiff's Interrogatories and Request to Produce Documents by objecting to all of the questions and without providing any substantive response whatsoever. See Exhibit A and B, respectively, attached hereto.

10. Despite its failure to produce any substantive responses, by letter dated December 31, 2014, CGLIC agreed to produce plan documents for a sampling of the benefits plans. (ECF#56, attached hereto as Exhibit F).

11. By letter dated February 6, 2015, CGLIC addressed the status of its production of "a sampling of the benefit plan" by raising alleged issues. (ECF#59, attached hereto as Exhibit G). Nonetheless, CGLIC agreed to produce the sampling of the actual Plans.

12. By letter dated February 9, 2015, Montvale confirmed its position in a letter to the Court and highlighted the common issue, wherein CGLIC improperly asserts that the plan terms are contained in the summary plan descriptions. (ECF#60, attached hereto as Exhibit H).

13. By letter dated March 20, 2015, CGLIC provided the Court with a proposed discovery confidentiality order and, once again, advised the Court of alleged problems in obtaining and producing sampling of actual plan documents. (ECF#61, attached hereto as Exhibit I). Counsel for CGLIC did not provide any specific plan information or details regarding to which plans it referred in the letter.

14.     By letter dated March 23, 2015, Montvale reiterated its prior position and highlighting the flawed and improper position of CGLIC. (ECF#62, attached hereto as Exhibit J).

15.     The Court conducted a telephone conference on April 22, 2015 discussing the issues regarding Montvale's discovery requests and CGLIC's failure to produce substantive responses. The Court set forth a motion schedule for Montvale's motion to compel and set a fact discovery end date of August 31, 2015.

16.     By letter to the Court and counsel on April 24, 2015, CGLIC produced for the first time, two (2) Plans purporting to represent two "actual" Plans documents. (Attached hereto as Exhibit K). However, one of the Plans has no relationship to any of the patients identified in this case. Thus, CGLIC produced only one (1) plan supposedly representing an "actual" Plan document.

17.     By letter to the Court on April 28, 2015, Montvale highlighted the position taken by CGLIC and confirmed that despite assertions by CGLIC, the SPDs did not constitute an authoritative statement of the plan terms governing the benefit claims. (ECF#65, attached hereto as Exhibit L).

18.     By letter to the Court on April 30, 2015, CGLIC justified its efforts regarding the search for actual plan documents. (ECF#66, attached hereto as Exhibit M).

19.     By telephone conference on May 15, 2015, I spoke with Kevin R. Reich and Robert Brady, counsel at Gibbons for CGLIC to meet and confer regarding the outstanding discovery requests and CGLIC's responses and lack thereto. Specifically, CGLIC reiterated the position that they did not believe they had an obligation to respond to the discovery propounded by Montvale. Further, CGLIC took the position that the discovery sought was not endorsed by the Court and was not consistent with the discussion with the Court on December 1, 2104.

However, CGLIC conceded that they should be producing "actual" plan documents, but indicated that despite diligent effort to obtain the plans, they could only locate the one (1) Plan that was produced by letter dated April 24, 2015. CGLIC also indicated that they do not maintain actual Plan documents. For Montvale's part, it was reiterated that they sought the actual Plan documents separate from the SPDs. There was a discussion about possibly prioritizing which items sought by Montvale would be acceptable for CGLIC to produce.

20.     Given the scant amount of discovery produced by CGLIC, Montvale chose to maintain that all discovery sought was necessary and a priority list of items was not a reasonable accommodation. See Exhibit N, attached hereto.

21.     In an additional effort to obtain the "actual" Plan documents, Montvale served forty-one (41) subpoenas duces tecum upon all of the Patients' employers returnable June 8, 2015. A sample subpoena duces tecum is attached hereto as Exhibit O.

22.     Attached hereto as Exhibit P are the relevant portions of the United States Fire Insurance Company Cafeteria Plan, Cigna-Montvale 04327 and 4330.

23.     Attached hereto as Exhibit Q are the relevant portions of the Sharp Electronics Corporation Health and Welfare Plan, Cigna-Montvale 04358, 04366 and 04376.

24.     I certify that I conferred in good faith with my adversary to resolve the discovery disputes without court action, including CGLIC's failure to answer interrogatories and produce documents, and was unable to resolve these disputes which center around incomplete and evasive responses.

I hereby declare and affirm that to the best of my knowledge, the foregoing statements are true. I am aware that if any such statements are willfully false, I am subject to punishment.

|     |     |
| --- | --- |
| By: | */s/ Andrew R. Bronsnick* <br> _____ <br> ANDREW R. BRONSNICK |

Dated: May 26, 2015