

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for Plaintiff

**THE AGRESTA FIRM PC**
24 Grand Ave
Englewood, NJ 07631
(201) 399-6891
Attorneys for: Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC A/S/O various "PATIENTS", <br><br> Plaintiffs(s), <br><br> v. <br><br> CONNECTICUT GENERAL LIFE INSURANCE COMPANY D/B/A CIGNA, CIGNA HEALTHCARE OF NEW JERSEY, INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | CIVIL ACTION NO.: 2:12-cv-05257-SRC-CLW <br><br> **CIVIL ACTION** <br><br> **ORDER GRANTING PLAINTIFF'S MOTION PURSUANT TO RULE 37** |

    **THIS MATTER**, having been opened to the Court, the Honorable Cathy L. Waldor, USMJ, by Plaintiff, Montvale Surgical Center, LLC a/s/o various Patients ("Montvale"), by and through its attorneys, through its attorneys, Andrew R. Bronsnick, Esq., Massood & Bronsnick, LLC and Anthony K. Modafferi III, Esq., The Agresta Firm, P.C., for an Order pursuant to Federal Rules of Civil Procedure pursuant to Rule 37(b)(2)(A)(i)(ii) &(iii) for Defendant's failure to comply with this Court's Order directing that Defendant respond to interrogatories

addressing discrete facts concerning whether the Plans at issue exclude coverage for single – room, unlicensed surgical facilities entered on December 1, 2014; and it further appearing from the papers and discovery filed in this matter by order of this Court that Plaintiff's motion is grounded on Rule 37(c)(1)(A)&(C), and Rule 37(d)(1)(A)(ii) because Defendant has made evasive and incomplete answers to each and every interrogatory, including failing to disclose basic information such as witnesses in violation of Rule 37(c)(1) and then filed such interrogatories without verification required pursuant to Rule 33(b)(3), or signature in violation of Rule 26(g)(1) and Rule 33(b)(5), and the Court finding that the interrogatory questions posed were relevant to the key issue of whether the plans include, exclusion of coverage for Plaintiff's one-room surgical facility, and that by Defendant's own admissions, in filed correspondence to this Court, they have been unable to demonstrate that the 41 plans at issue contain any exclusions limiting coverage for Plaintiff's one-room surgical facility, and that based upon the foregoing the Plaintiff is entitled to an award of expenses and attorney's fees for bringing this motion pursuant to Rule 37(c)(1)(A) and Rule 26(g)(3), and for other good cause shown:

**IT IS** on this day _____ of _____, 2015

**ORDERED** that,

(1) Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i)(ii)&(iii) the following facts are taken as true in these proceedings:

    A.    None of the Plans at issue in this action exclude coverage for single – room, unlicensed surgical facilities;

    B.    Plaintiff's Single-room, unlicensed surgical facility is covered under the plans.

(2) **IT IS FURTHER ORDERED** that, the Defendant is prohibited from opposing Plaintiff's allegation in Paragraph 16 of its Second Amended Complaint, filed March 22,

2013 (ECF#21) that: Defendants' Plans with the Patients contain provisions that permit payment on behalf of these patients for outpatient facility services at the surgical facilities.

(3) And it is further **ORDERED** that CGLIC shall pay reasonable attorney's fees and costs associated with this Motion to Compel, and counsel for Montvale shall submit to the Court within 10 days of the date of this Order a certification setting forth those fees and costs together with a proposed order, and CGLIC shall be heard further in opposition to the award of fees and costs only as to the reasonableness of the amount demanded.

_____
HONORABLE CATHY L. WALDOR, USMJ