UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC, | |
| Plaintiff, | Hon. Stanley R. Chesler, U.S.D.J. |
| | Civil Action No. 12-5257 (SRC) |
| v. | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY et al., | **OPINION & ORDER** |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the appeal by Plaintiff Montvale Surgical Center, LLC ("Montvale") of the non-dispositive order by Magistrate Judge Waldor, entered on February 23, 2016, deciding two motions: 1) denying Plaintiff's motion to disqualify Gibbons, P.C., as counsel for Defendants; and 2) granting Defendants' motion to quash subpoenas for deposition issued to various nonparty plan sponsors. For the reasons set forth below, the Magistrate Judge's order will be affirmed.

Briefly, the history is as follows. Plaintiff, a surgical center, filed a Complaint in the Superior Court of New Jersey on July 17, 2012, which was removed to this Court. The Complaint, in short, seeks payment for surgical services provided to various patients insured by Defendants Connecticut General Life Insurance Company and Cigna Healthcare of New Jersey, Inc. (collectively, "CGLIC"), alleging that Plaintiff has standing as assignee to do so. On October 23, 2015, CGLIC moved to quash subpoenas for deposition issued to various nonparty plan sponsors. On the same date, Plaintiff moved to disqualify Gibbons, P.C., as counsel for Defendants. On February 22, 2016, Magistrate Judge Waldor heard oral argument on the two

motions, and then issued the decision at issue, which states that the Magistrate Judge provided the basis for the decision on the record at the hearing.  Plaintiff appeals.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  Plaintiff first contends that the Magistrate Judge's denial of the motion to disqualify is clearly erroneous.  In brief, Plaintiff asserts in its appeal brief that it had argued that, because the Gibbons firm had first represented the claims administrator, it was a conflict of interest to then represent the nonparty benefit plans, pursuant to RPC 1.7(b), which states:

> Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation, provided, however, that a public entity cannot consent to any such representation. When the lawyer represents multiple clients in a single matter, the consultation shall include an explanation of the common representation and the advantages and risks involved;
> (2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (3) the representation is not prohibited by law; and
> (4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

In brief, Magistrate Judge Waldor concluded that no RPC had been violated and that there was no basis for disqualification.  (2/22/16 Hearing Tr. 39:13-23.)

At the outset, this Court queries how a plaintiff has made even a colorable showing of a violation of RPC 1.7(b), based on an alleged concurrent conflict of interest between a defendant and a non-party.  RPC 1.7(b) allows a lawyer to represent a client "notwithstanding the existence of a concurrent conflict of interest" under certain conditions, such as the affected clients' consent.  Plaintiff has not even alleged that the affected parties have not consented to the

Gibbons representation, nor that any of the three other provisions (RPC 1.7(b)(2-4)) have not been met. Plaintiff has not proposed even a colorable argument that the four provisions of RPC 1.7(b) have not been met. On what basis could this Court conclude that RPC 1.7(b) has been violated?

The Court also observes that Plaintiff's appeal brief does not articulate any legal theory supporting disqualification. Plaintiff vaguely contends that the "Magistrate Judge failed to carefully scrutinize the facts and the law, in terms of Gibbons' role on behalf of CGLIC," but does not support this by identifying the facts and the law that the Magistrate Judge failed to scrutinize. (Pl.'s Br. 29.) In a footnote, Plaintiff's brief hints that the Gibbons representation is somehow a violation of Defendants' fiduciary duties to their beneficiaries under ERISA, but provides no basis for this Court to believe that Defendants have violated their fiduciary duties to beneficiaries under ERISA by their retention of the Gibbons firm. (Pl.'s Br. 27 n.17.)

Plaintiff has failed to provide any basis for this Court to believe, much less conclude, that the Magistrate Judge's decision to deny the motion to disqualify was clearly erroneous. Plaintiff has offered nothing to suggest that there is even the appearance of a conflict of interest in the concurrent representation of Defendants and the benefit plans by the Gibbons firm. Given that there is nothing in the record before this Court supporting disqualification, the Magistrate Judge's decision to deny the motion was sound.

Plaintiff next contends that the Magistrate Judge erred in granting Defendants' motion to quash subpoenas for deposition issued to various nonparty plan sponsors. In brief, Plaintiff claims it has been struggling to discover the actual relevant benefit plan documents. There is no dispute that Defendants have denied the payment of benefits as not covered under the terms of

the relevant plans, and have failed to produce some plan documents on which it has based these benefit denials.  Plaintiff served subpoenas on various plans which sought depositions of plan administrators.  Defendants objected to the subpoenas, and moved to quash them.  Magistrate Judge Waldor granted the motion to quash, stating on the record:

> [T]his is beyond a fishing expedition . . . I see absolutely no sign that deposing people from some of these plans, even the plans in New Jersey, would reveal anything. . . Discovery is now over in this case.

(2/22/16 Hearing Tr. 40:1-13.)

Again, at the outset, if Plaintiff wanted to discover the plan terms in the plan documents themselves, this Court does not see how depositions of plan administrators would accomplish anything beyond venturing off in the wrong direction.  Furthermore, Plaintiff's brief does not provide any basis for this Court to disagree with the Magistrate Judge's decision.  Plaintiff does not explain what would be discovered by deposing plan administrators.[1]  Moreover, crucially, Plaintiff fails to even assert that it has been materially prejudiced by the Magistrate Judge's decision.

Rather than allow discovery to continue past its end for no reason, Magistrate Judge Waldor decided to bring the discovery period to a close.  Plaintiff has not given this Court any basis to find that this was in error.  Given the length of the litigation – coming up on four years –, the decision to bring discovery to an end appears both wise and an example of skillful management of a difficult case.  The Magistrate Judge obviously has a deep knowledge of this

---

[1] Plaintiff's reply brief shifts from seeking to depose plan representatives to seeking to depose Defendants' attorneys about their conduct of discovery. (Pl.'s Reply Br. 10.)  Setting aside the issue of privilege, this "discovery about discovery" appears to be a wild goose chase in search of a red herring.

case, and her decision was not clearly erroneous.

This Court has reviewed both the Magistrate Judge's decision denying the motion to disqualify, entered February 23, 2016, as well as the decision granting the motion to quash, entered February 23, 2016, and finds that neither decision is clearly erroneous or contrary to law. The decisions of the Magistrate Judge will be affirmed.

For the reasons stated above,

**IT IS** on this 12th day of April, 2016

**ORDERED** that the order of Magistrate Judge Waldor, entered on February 23, 2016 (Docket Entry No. 99), is hereby **AFFIRMED**.

                                                s/ Stanley R. Chesler
                                             Stanley R. Chesler, U.S.D.J.