UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MONTVALE SURGICAL CENTER, LLC,

        Plaintiff,

        v.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY et al.,

        Defendants.

Hon. Stanley R. Chesler, U.S.D.J.
Civil Action No. 12-5257 (SRC)

**OPINION & ORDER**

**CHESLER**, **U.S.D.J.**

      This matter comes before the Court on the motion for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendants Connecticut General Life Insurance Company and Cigna Healthcare of New Jersey, Inc. (collectively, "CGLIC"). For the reasons set forth below, the motion will be granted in part and denied in part.

      This case arises from a dispute between Plaintiff ("Montvale"), a surgical center and assignee of benefits for insured patients, and Defendants, insurers, over payment for medical services provided to the insureds. The First Count of the two-count Amended Complaint asserts a violation of ERISA and seeks payment of benefits as assignee of the insureds from the named Defendants. The Second Count seeks payment from the unnamed Defendants. The claims concern 42 patient members of 34 different benefit plans. The instant motion concerns claims under all but nine of the plans (these 25 plans are the "Plans at Issue").

      Defendants move for partial summary judgment, contending that the summary plan description ("SPD") for every Plan at Issue has a clear provision which excludes coverage of facility fees for single-room, unlicensed outpatient surgical facilities like Montvale. CGLIC

contends that every Plan at Issue covers charges made by a free-standing surgical facility and defines "free-standing surgical facility" as follows:

> Free-Standing Surgical Facility
>
> The term Free-standing Surgical Facility means an institution which meets all of the following requirements:
>
> - it has a medical staff of Physicians, Nurses and licensed anesthesiologists;
> - it maintains at least two operating rooms and one recovery room;
> - it maintains diagnostic laboratory and x-ray facilities;
> - it has equipment for emergency care;
> - it has a blood supply;
> - it maintains medical records;
> - it has agreements with Hospitals for immediate acceptance of patients who need Hospital Confinement on an inpatient basis; and
> - it is licensed in accordance with the laws of the appropriate legally authorized agency.

(Cappa Dec. Ex. A at Cigna-Montvale 000057.) Montvale does not contest that it does not qualify as a free-standing surgical facility under this definition.

Defendants offer as evidence the SPDs for the 25 Plans at Issue. (Cappa Dec. Exs. A - Y.) Montvale opposes the motion on several grounds, including that the evidentiary record "demonstrates that there are material disputed facts with respect to certain plans. . ." (Pl.'s Opp. Br. 18.) Montvale contends that material factual disputes regarding twelve Plans at Issue preclude the entry of judgment as a matter of law. Montvale does not assert that material factual disputes preclude the entry of partial summary judgment for 13 Plans at Issue.[1]

ERISA requires that "[e]very employee benefit plan shall be established and maintained

---

[1] These 13 Plans are: CarePlus NJ Inc., DaVita Healthcare Partners Inc., Eisai Inc., Orion Systems Integrator, LLC, Sheet Metal Workers Local 25, SML (USA) Inc., U.S. Fire Insurance Co., National Basketball Association, Samsung Electronics America, Inc., County of Sussex, Asbestos Workers Local No. 32 Welfare Fund, Consolidated Edison Co. of New York, Inc., and The Linc Group, LLC.

pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). ERISA also requires that benefit plan participants receive a SPD. 29 U.S.C. § 1022. As the Seventh Circuit has observed, however, in many cases, uncertainty arises from the absence of a clearly labeled written instrument: "This kind of confusion is all too common in ERISA land; often the terms of an ERISA plan must be inferred from a series of documents none clearly labeled as 'the plan.'" Health Cost Controls, Inc. v. Washington, 187 F.3d 703, 712 (7th Cir. 1999). Such is the case here: for these 25 Plans, no written Plan instrument has been discovered.

In the absence of a written Plan instrument, for all 25 Plans, Defendants rely on the provisions of the relevant SPD. The parties dispute whether, in the absence of a formal plan document, the SPDs may authoritatively define the plan terms for this litigation. Defendants rely on cases such as Admin. Comm. of the Wal-Mart Stores, Inc. v. Gamboa, 479 F.3d 538, 544 (8th Cir. 2007), in which, in the absence of a clearly-labeled written plan instrument, the Eighth Circuit concluded: "Where no other source of benefits exists, the summary plan description is the formal plan document, regardless of its label."

In opposition, Montvale argues: "we ask that the Court deny CGLIC's motion at this juncture because it has not met its burden of establishing that the form exclusionary language is part of the plans we have identified." (Pl.'s Opp. Br. 31.) Montvale contends that it has not had adequate discovery of the written plan instruments, but, in briefing this motion, points to no evidence whatever that even one written plan instrument exists that Defendants have withheld. Montvale has pointed to no evidence to support an inference that, for any of these 25 Plans at Issue, there exists any document more authoritative than the SPD. Montvale has offered no authority to support the proposition that, under such circumstances, CGLIC has failed to meet its

3

burden to demonstrate the terms of the Plans. This Court follows the Eighth Circuit in holding that, in the absence of any other formal plan document, the SPD *is* the formal plan document.[2]

The Court now addresses Montvale's assertions of material factual disputes involving twelve Plans at Issue:

1.  Ecolab Inc.

CGLIC points to an SPD for this plan, with an effective date of January 1, 2010. (Cappa Dec. Ex. G.) CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 51. (Cappa Dec. Ex. G at Cigna-Montvale 000716.) In opposition, Montvale points to a different document, asserting that Montvale disputes the "assertion that the additional plan instrument expressly incorporates the SPD by reference." (Pl.'s Opp. Br. 19.)

Montvale points to an exhibit which contains two relevant Plan documents: 1) the "Administrative Information Summary Plan Description" for the "Smart Choice Blue Medical Plan;" and 2) the "Benefit Description" for the "Smart Choice Blue Medical Plan Option." (Hanson Dec. at ECO-00001 - ECO-00091.) Both of these documents state effective dates of January 1, 2010. (ECO-00001, ECO-00033.) The record also contains two similar documents for the prescription drug plan, as well as the "2010 Open Enrollment Highlights Guide" and the "Ecolab Health and Welfare Benefits Plan 2009." (ECO-00092 - ECO-00221.) The 2010 "Benefit Description" states: "The *Administrative Information SPD* and this Benefit Description

---

[2] Doing so is not forbidden by any statute. As the Supreme Court noted in US Airways, Inc. v. McCutchen, 133 S. Ct. 1537, 1543 n.1 (2013): "Because everyone in this case has treated the language from the summary description as though it came from the plan, we do so as well."

together comprise the ERISA Summary Plan Description for this Plan." (Hanson Dec. at ECO-00038.)

In support of its position, Montvale points to paragraph 1.5 of the "Ecolab Health and Welfare Benefits Plan 2009," which states: "In the event of conflict, the Policy controls over this Plan Document for a fully-insured option and this Plan Document controls over the Policy for a self-insured option." (Hanson Dec. at ECO-00174.) Paragraph 1.4 in that document states: "This instrument, together with the Policies, which are made a part of this instrument, constitute the written Plan Document." (Id.)

The Court does not discern how paragraph 1.5 of the 2009 document raises a material factual dispute. First, the "Ecolab Health and Welfare Benefits Plan 2009" appears to relate to benefits in 2009, while the relevant SPD is effective in 2010. Moreover, the Court notes that the provision Montvale points to begins with the phrase, "In the event of conflict . . .," which creates a condition precedent for the body of the provision that follows. Montvale has not pointed to any evidence of a conflict between the language of the Policy and the language of that document. The record does not contain any other 2009 documents which could be in conflict. In the absence of the 2009 Policy in the record, or evidence of a conflict between the 2009 Policy and the 2009 document in the record, the 2009 conflict provision is irrelevant. As to the Ecolab Inc. Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

    2.    <u>NJ Building Laborers' Statewide Benefit Funds ("NJBLSBF")</u>

CGLIC points to an SPD for this plan, with an effective date of January 1, 2007. (Cappa Dec. Ex. B.) CGLIC moves for partial summary judgment based on the definition of a "Free-

Standing Surgical Facility" on page 52. (Cappa Dec. Ex. B at Cigna-Montvale 000127.) In opposition, Montvale points to a different document, which also appears to be an SPD for the New Jersey Building Laborers Statewide Welfare Fund, with an effective date of January 1, 2007. (Castrovinci Dec. Ex. at NJB-00036.) Defendants concede that there are two SPDs in the record, that they are materially different, and that the SPD offered by Montvale does not contain the definition on which Defendants' position depends. (Defs.' Br. 6 n.13.)

Both Plaintiff and Defendants have pointed to an SPD which supports their position, and this creates a material factual dispute. Neither side offers an argument to demonstrate that one of the SPDs is inapplicable or irrelevant. Defendants contend that the SPD they rely on "makes clear that medical benefits are being provided through Cigna's OAP plan," and cites in support a page of the SPD which states: "The CIGNA Open Access Plus network is a network of doctors, hospitals, and other health care providers and facilities selected by CIGNA to provide care to participants." (Id., citing Castrovinci Dec. Ex. at NJB-00073.) This does not appear to resolve the factual dispute.

Given this material factual dispute, Defendants have not persuaded the Court that they are entitled to judgment as a matter of law that the SPD of the NJBLSBF Plan contains a definition of "Free-Standing Surgical Facility" that clearly excludes Montvale. Montvale has raised a material factual dispute that precludes the grant of summary judgment. As to the NJBLSBF Plan, the motion for partial summary judgment will be denied.

    3.    PerkinElmer

CGLIC points to an SPD for this plan, with an effective date of January 1, 2010. (Cappa Dec. Ex. A.) CGLIC moves for partial summary judgment based on the definition of a "Free-

Standing Surgical Facility" on page 58.  (Cappa Dec. Ex. A at Cigna-Montvale 000057.)  In opposition, Montvale offers four additional documents: 1) the "Health and Insurance Benefit Plan; 2003 Restatement," dated January 1, 2003; 2) "Amendment Number One" to the 2003 Restatement, dated November 29, 2006; 3) "Amendment Number Two" to the 2003 Restatement, dated June 30, 2011; and 4) the "Open Access Plus Medical Benefits; Plan One," with an effective date of January 1, 2010.  (Forshay Dec. at PER-00001 - PER-00102.)

Montvale states: "Dispute CGLIC's assertion that the additional plan instrument expressly incorporates the SPD by reference."  (Pl.'s Opp. Br. 20.)  Montvale points to Section 2.50 in the "Health and Insurance Benefit Plan; 2003 Restatement," which states:

> In the event that the provisions of any other plan sponsored by the Employer, or of any contract or other document relating to benefits provided under such plan, conflict with the provisions of this document or any other document relating to the Plan, the Plan Administrator shall use its discretion to interpret the terms and purpose of the Plan so as to resolve any conflict.

(Forshay Dec. at PER-00006.)

Montvale does not explain how this 2003 document is applicable to this dispute.  The Second Amended Complaint alleges that Montvale was not accredited as a surgical center until January of 2009.  (Sec. Am. Compl. ¶ 14.)  Moreover, as with Montvale's argument about the Ecolab Plan, the Court does not discern how Section 2.50, even if applicable, raises a material factual dispute.  Section 2.50 deals with conflicting plan documents, and Montvale has not pointed to any material conflict between provisions in the documents of record.  Nor has Montvale pointed to record evidence to support its position that the additional plan instrument does not expressly incorporate the SPD by reference.   As to the PerkinElmer Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a

7

matter of law, and the motion for partial summary judgment will be granted.

      4.      <u>Sharp Electronics Corporation</u>

CGLIC points to an SPD for this plan, with an effective date of January 1, 2012. (Cappa Dec. Ex. C.) CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 55. (Cappa Dec. Ex. C at Cigna-Montvale 000245.) In opposition, Montvale offers three additional documents: 1) "Open Access Plus Medical Benefits," with an effective date of January 1, 2010; 2) an introductory memo, with the "2010 Benefit Choices" booklet; and 3) the "Sharp Electronics Corporation Health and Welfare Plan." (Loeshelle Dec. at SHA-00001 - SHA-00162.)

Montvale states: "Dispute CGLIC's assertion that the additional plan instrument expressly incorporates the SPD by reference." (Pl.'s Opp. Br. 20.) Montvale points to paragraph 1.5 in the "Sharp Electronics Corporation Health and Welfare Plan," which states: "In the event of any discrepancy between this Plan document and the SPDs or other written communications, this Plan document will prevail." (Loeshelle Dec. at SHA-00120.)

As with Montvale's arguments already discussed, the Court does not discern how paragraph 1.5 raises a material factual dispute. Paragraph 1.5 deals with conflicting plan documents, and Montvale has not pointed to any material conflict between provisions in the documents of record. Nor has Montvale pointed to record evidence to support its position that the additional plan instrument does not expressly incorporate the SPD by reference. As to the Sharp Electronics Corporation Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

      5.      <u>Fender Musical Instruments Corp. Health and Welfare Benefit Plan</u>

CGLIC points to an SPD for this plan, with an effective date of January 1, 2010. (Cappa Dec. Ex. H.) CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 59. (Cappa Dec. Ex. H at Cigna-Montvale 000778.) In opposition, Montvale points to a document which it contends is an SPD with an effective date of January 1, 2009. (Bronsnick Dec. Ex. E.) Montvale contends that this 2009 SPD contains no exclusion for unlicensed free-standing facilities. In reply, CGLIC contends that Montvale's 2009 SPD is not a medical plan SPD but, rather, an SPD for healthcare flexible spending accounts. This appears to be correct, as Montvale's 2009 SPD contains numerous references to healthcare flexible spending accounts, and does not appear to be a summary of medical benefits.

The 2009 SPD offered by Montvale appears to be irrelevant to the matter at issue on this motion. As to the Fender Musical Instruments Corp. Health and Welfare Benefit Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

      6.      <u>Ammann & Whitney, Inc.</u>

CGLIC points to an SPD for this plan, with an effective date of July 1, 2011. (Cappa Dec. Ex. K.) CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 74. (Cappa Dec. Ex. K at Cigna-Montvale 001151.) In opposition, Montvale points to a different document, which it calls a "plan summary." (Bronsnick Dec. Ex. G; Pl.'s Opp. Br. 21.) Montvale contends that this plan summary contains no exclusion for unlicensed free-standing facilities. In reply, CGLIC contends that this "plan summary" is expressly not a SPD, since it states:

9

> This summary outlines the highlights of your plan.  For a complete list of both covered and not-covered services . . . see your employer's insurance certificate or summary plan description – the official plan documents.

(Bronsnick Dec. Ex. G at 8.)  CGLIC appears to be correct: the plan summary states clearly that it is not the SPD.

The "plan summary" offered by Montvale appears to be irrelevant to the matter at issue on this motion.  As to the Ammann & Whitney, Inc. Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

      7.      <u>Jefferson Township Board of Education</u>

CGLIC points to an SPD for this plan, with an effective date of July 1, 2011.  (Cappa Dec. Ex. Y.)  CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 61.  (Cappa Dec. Ex. Y at Cigna-Montvale 002909.)  In opposition, Montvale points to a different document, which is titled "Implementation Guide." (Bronsnick Dec. Ex. H.)  Montvale's explanation of the relevance of this document is not intelligible.

The "Implementation Guide" offered by Montvale appears to be irrelevant to the matter at issue on this motion.  As to the Jefferson Township Board of Education Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

      8.      <u>Northern Valley Regional Board of Education</u>

CGLIC points to an SPD for this plan, with an effective date of January 1, 2009.  (Cappa Dec. Ex. D.)  CGLIC moves for partial summary judgment based on the definition of a "Free-

Standing Surgical Facility" on page 64. (Cappa Dec. Ex. D at Cigna-Montvale 000404.) In opposition, Montvale contends that this SPD is for vision benefits and is therefore inapplicable. Montvale is incorrect. On the page which lists the associated insurance policies, two are listed: an open access plus medical benefits policy, and a vision policy. (Cappa Dec. Ex. D at Cigna-Montvale 000345.) Furthermore, among many provisions, the SPD states benefits for mammograms (Cappa Dec. Ex. D at Cigna-Montvale 000356) as well as chiropractic services (Cappa Dec. Ex. D at Cigna-Montvale 000358.) Such provisions are inconsistent with Montvale's contention that the SPD is for vision benefits only.

Montvale also opposes the motion by pointing to a different document, a summary of benefits. (Bronsnick Dec. Ex. I.) Montvale contends that this benefits summary contains no exclusion for unlicensed free-standing facilities. In reply, CGLIC contends that this benefits summary is expressly not a SPD, since it states:

> This summary contains highlights only and is subject to change. The specific terms of coverage, exclusions and limitations . . . are contained in the Summary Plan Description or Insurance Certificate.

(Bronsnick Dec. Ex. I at NVRHS018.) CGLIC appears to be correct: the benefits summary states clearly that it is not the SPD.

The benefits summary offered by Montvale appears to be irrelevant to the matter at issue on this motion. As to the Northern Valley Regional Board of Education Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

9. <u>Township of Bloomfield</u>

CGLIC points to an SPD for this plan, with an effective date of January 1, 2010. (Cappa

Dec. Ex. E.) CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 61. (Cappa Dec. Ex. E at Cigna-Montvale 000561.) In opposition, Montvale again contends that this SPD is for vision benefits and is therefore inapplicable. Montvale is incorrect. On the page which lists the associated insurance policies, two are listed: an open access plus medical benefits policy, and a vision policy. (Cappa Dec. Ex. E at Cigna-Montvale 000505.) Furthermore, among many provisions, the SPD states benefits for mammograms (Cappa Dec. Ex. E at Cigna-Montvale 000514) as well as chiropractic care (Cappa Dec. Ex. E at Cigna-Montvale 000517.) Such provisions are inconsistent with Montvale's contention that the SPD is for vision benefits only.

Montvale also opposes the motion by pointing to a different document, a summary of benefits. (Bronsnick Dec. Ex. J.) Montvale contends that this benefits summary contains no exclusion for unlicensed free-standing facilities. In reply, CGLIC contends that this benefits summary is expressly not a SPD, since it states:

> This summary contains highlights only and is subject to change. The specific terms of coverage, exclusions and limitations . . . are contained in the Summary Plan Description or Insurance Certificate.

(Bronsnick Dec. Ex. J at 9.) CGLIC appears to be correct: the benefits summary states clearly that it is not the SPD.

The benefits summary offered by Montvale appears to be irrelevant to the matter at issue on this motion. As to the Township of Bloomfield Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

10.     Township of Wayne

CGLIC points to an SPD for this plan, with an effective date of February 1, 2009. (Cappa Dec. Ex. W.) CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 58. (Cappa Dec. Ex. W at Cigna-Montvale 000187.) In opposition, Montvale points to documents which state that the Township of Wayne contracted with RHM Benefits, Inc. as an employee benefits consultant. Montvale does not explain the relevance of these documents to this motion, and this Court does not discern any connection between these documents and the issues on this motion.

The documents offered by Montvale appear to be irrelevant to the matter at issue on this motion. As to the Township of Wayne Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

11.     JVC Americas Corp.

CGLIC points to an SPD for this plan, with an effective date of January 1, 2010. (Cappa Dec. Ex. F.) CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 61. (Cappa Dec. Ex. F at Cigna-Montvale 000625.) In opposition, Montvale again contends that this SPD is for vision benefits and is therefore inapplicable. Montvale is incorrect. On the title page, the SPD states: open access plus medical benefits, and CIGNA vision. (Cappa Dec. Ex. F at Cigna-Montvale 000566.) Furthermore, among many provisions, the SPD states benefits for mammograms (Cappa Dec. Ex. F at Cigna-Montvale 000578) as well as chiropractic care (Cappa Dec. Ex. F at Cigna-Montvale 000581.) Such provisions are inconsistent with Montvale's contention that the SPD is for vision benefits

only.

As to the JVC Americas Corp. Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

12. The Great Atlantic & Pacific Tea Co.

CGLIC points to an SPD for this plan, with an effective date of January 1, 2010. (Cappa Dec. Ex. S.) CGLIC moves for partial summary judgment based on the definition of a "Free-Standing Surgical Facility" on page 63. (Cappa Dec. Ex. S at Cigna-Montvale 002569.) In opposition, Montvale again contends that this SPD is for vision benefits and is therefore inapplicable. Montvale is incorrect. On the title page, the SPD states: open access plus medical benefits. (Cappa Dec. Ex. S at Cigna-Montvale 002508.) Furthermore, among many provisions, the SPD states benefits for mammograms (Cappa Dec. Ex. S at Cigna-Montvale 002524) as well as "routine foot disorders" (Cappa Dec. Ex. S at Cigna-Montvale 002534.) Such provisions are inconsistent with Montvale's contention that the SPD is for vision benefits only.

As to The Great Atlantic & Pacific Tea Co. Plan, Montvale has failed to demonstrate a material factual dispute which precludes the entry of judgment as a matter of law, and the motion for partial summary judgment will be granted.

In conclusion, CGLIC has moved for partial summary judgment on the claims brought under 25 Plans at Issue. Montvale has raised a material factual dispute for claims under only one plan, the NJBLSBF Plan. The motion for partial summary judgment will thus be granted in part and denied in part. As to claims brought under the NJBLSBF Plan only, the motion for partial summary judgment will be denied. As to claims brought under the remaining 24 Plans at Issue,

Defendants have shown that they are entitled to judgment as a matter of law of no coverage, and, for these 24 Plans at Issue, the motion for partial summary judgment will be granted.

For the reasons stated above,

**IT IS** on this 8th day of August, 2016

**ORDERED** that Defendants' motion for partial summary judgment (Docket Entry No. 106), is hereby **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to claims under the NJBLSBF Plan only, the motion for partial summary judgment is **DENIED**; and it is further

**ORDERED** that, as to claims under the other 24 Plans at Issue, the motion for partial summary judgment is **GRANTED**, and Judgment is hereby entered in Defendants' favor for all claims under these 24 Plans.

                                                             s/ Stanley R. Chesler
                                                    Stanley R. Chesler, U.S.D.J.